DUR-RAM PACKAGING DEVICES, LTD.
*v.*
SELF-SEAL CONTAINERS, INC. OF MICHIGAN

CORPORATIONS—CAPACITY TO SUE—UNLICENSED FOREIGN CORPORATION
—ISOLATED TRANSACTIONS.

A firm engaged in an isolated transaction is not an unlicensed foreign corporation doing business in this state as contemplated by statute; therefore defendant's motion to dismiss plaintiff's complaint on those grounds was properly denied where the record revealed only an isolated transaction (CL 1948, § 450.94).

Appeal from Common Pleas Court of Detroit, Joseph J. Pernick, J.   Submitted Division 1 May 7, 1969, at Detroit. (Docket No. 4,869.)   Decided June 25, 1969.

Declaration by Dur-Ram Packaging Devices, Ltd., a Canadian corporation, against Self-Seal Containers, Inc. of Michigan, a Michigan corporation, and Rudolph M. Bringer and Douglas McKee to recover on a promissory note.   Judgment for plaintiff. Defendants appeal.   Affirmed.

*Stanley Gelfund,* for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
36 Am Jur 2d, Foreign Corporations § 460 *et seq.*

Before: HOLBROOK, P. J. and McGREGOR and BRONSON, JJ.

McGREGOR, J. Plaintiff, a Canadian corporation not licensed to do business in Michigan, grants franchises or licenses to manufacture a mailing tube device, generally known as "Tube-O-Gram." The device is patented in Canada and the United States. In March, 1966, plaintiff participated in a franchise show at Cobo Hall in Detroit, where defendants Bringer and McKee became interested in the product. Plaintiff provided a booklet entitled, "Invitation to Opportunity," which outlined a hypothetical set-up, indicating possible needed personnel, probable production, and estimated profit from operating a franchise. Defendants entered an exclusive area licensing agreement with the plaintiff in the corporate name of Self-Seal Containers, Inc., a Michigan corporation. As part of the agreement, plaintiffs would furnish defendants with the franchise, the necessary manufacturing machinery, and supply certain technological equipment. Consideration was $10,000 consisting of a cash payment of $7,000 and a promissory note dated May 31, 1966, for $3,000 with interest at 6%, payable at the Bank of Montreal, Scarborough, Ontario, in $500 monthly installments, the last payment due November 31, 1966; defendants Bringer and McKee personally endorsed the note. On September 12, 1966, plaintiff notified defendants that their license agreement dated May 2, 1966, had been assigned to Tube-Vend, Limited, of Scarborough, Ontario. Defendants incurred a first-year loss, but paid two $500 installments with the accrued interest. Plaintiff brought suit in the common pleas court of Detroit for the remaining $2,000 and interest, obtaining a judgment for $2,140. Defendants appeal.

During the pendency of the lower court matter, defendants filed a notice of the following affirmative defenses: (1) plaintiff corporation is a foreign corporation doing business in the state of Michigan without a certificate of authority, as required by CL 1948, § 450.94 (Stat Ann 1963 Rev § 21.95), and therefore, does not have the legal capacity to sue in this state; (2) the contract of which the promissory note is a part is without consideration and mutuality. In addition, defendants filed a counterclaim for $5,000, predicated largely on plaintiff's alleged breach of contract and fraud.

Defendants contend that the trial court erred by denying their motion to dismiss which reasoned that plaintiff was not the proper party in interest, CLS 1961, § 600.2041 (Stat Ann 1962 Rev § 27A.2041) because the note, as part of the license agreement, followed the assignment to Tube-Vend, Limited.

The trial court found that the note and the licensing agreement were two separate instruments, that plaintiff did transfer the licensing agreement to another corporation, retaining the promissory note to itself, and that plaintiff was the proper party in interest, all of which is fully sustained by the record.

Defendants further contend that the trial court erred by failing to grant defendants' motion to dismiss for the reason that plaintiff, a foreign corporation, was not licensed to do business in the state of Michigan, CL 1948, § 450.93 (Stat Ann 1963 Rev § 21.94) and cite two paragraphs of the licensing (franchise) agreement between the parties as evidence of intrastate business:

"ARTICLE II (Rights Granted)

\* \* \*

"4. (A) DUR–RAM agrees to furnish to the Licensee such technological assistance relating to the

device which shall be available to DUR-RAM at the time of the execution of this Agreement and henceforth until the termination hereof.

\*   \*   \*

"ARTICLE VIII (Use of Equipment)

"1. The licensee agrees during the duration of this agreement to permit DUR-RAM, its officers and employees, to employ the machinery and equipment of the Licensee for demonstrating the devices and the said machinery and equipment within the territory of the Licensee, providing, however, that such demonstrations do not unreasonably disrupt the regular business operation of the Licensee."

There was no evidence that plaintiff exercised its right to use defendants' machinery and equipment for demonstration within defendants' territory in Michigan. The trial record is nearly barren of defendants' alleged defense of intrastate business by plaintiff foreign corporation. Defendants did not request a ruling or finding by the trial court on this point. At the conclusion of the trial, the court said to defendants' counsel:

"Your attack is against Dur-Ram Corporation, that there wasn't adequate consideration as far as the note is concerned, also that there was fraud in the inducement—those are your two factors?"

to which defendants' counsel replied,

"Yes, your Honor."

In defendants' motion for a new trial, they did not allege that plaintiff was not licensed to do business in Michigan. Furthermore, the record does not support this claim as a valid defense, as the evidence clearly preponderated that the parties' agreement was an isolated transaction within this state, without the establishment by plaintiff of an agency or branch office in Michigan. The only

service rendered by the plaintiff was essential to this isolated agreement.   Therefore, from a careful review of the record, this Court concludes that plaintiff was not a foreign corporation doing business in this state, as contemplated by our statutes.   Moreover, the transcript reveals no motion by defendant for an accelerated or summary judgment based on the statutes which preclude a foreign unlicensed corporation from suing in this state.   At trial, defendants failed to pursue this issue and apparently abandoned their contention that plaintiff was doing business in this state contrary to our statutes.

Defendants further contend that the trial court erred by finding no cause for action on their counterclaim.   The trial judge, in his finding of fact and conclusions of law, said,

"Now, basically, in Michigan, the law is that in order to establish fraud in the inducement, there must be a showing, a clear and convincing showing of (1) that the plaintiff made a material representation to the defendant; (2) that the material representation was false; (3) that the plaintiff knew the material representation was false at the time that he made it; (4) that the plaintiff made the material representation with the intention that the defendant should act upon it; (5) that the plaintiff made the material representation recklessly, without any knowledge of its truth and as a positive assertion; (6) that the defendant acted in reliance upon it; (7) that the defendant sustained injury as a consequence of such reliance.

"Each of these legal elements must be proved with reasonable degree of certainty, and each element must be found to exist.   The absence of any one of them is fatal to recovery by the alleged aggrieved party.

"Now there are certain things that are not fraud as found by our courts in the State of Michigan—

mere mistakes, honest expressions of opinion standing alone, although they are proved erroneous, promises of acts to be performed in the future in the absence of any intent on the part of the promisor at the time not to fulfill his promises. Mere expressions of matters of opinion, however strongly or positively made, though they are false, are no fraud, as these are matters in respect to which many men will be of many minds, as personal judgments are often governed by whim and caprice. Moreover, a person reposes at his peril in the opinions of others where he has equal opportunity to form and exercise his own judgment.

"* * * There has been no showing to this court that any elements of fraud as set forth in the court's statement existed. * * * the defendants * * * prior to entering the contract between the parties, * * * did extensive checking on their own * * * the unfortunate part of it is that there was investigation made by the defendants, by their own admission.

"So, on the basis of the breach of contract, the court must find no cause of action for the plaintiff."

The findings of fact are amply supported by the record. Plaintiff was the proper party in interest and entitled to a judgment for the unpaid portion of the note, plus interest. Defendants did not establish any right to recover under their counterclaim.

Judgment for plaintiffs is affirmed, but as no brief was filed by plaintiff, costs of this Court are not allowed.

All concurred.