MAGNOTTA *v.* MICHIGAN MILLERS MUTUAL
INSURANCE COMPANY

1. INSURANCE—HOMEOWNER'S POLICY—EXCLUSIONARY CLAUSE—UN-AMBIGUOUS PROVISION—"DWELLING".

   The term "dwelling" as used in an exclusionary clause of a homeowner's insurance policy excluding coverage of appurtenant private structures rented or leased to other than a tenant of the described dwelling was sufficiently unambiguous to be construed as a matter of law as referring to the principal residence of the policyholder where the clause was entitled "appurtenant private structures" and the overall intent was to exclude a guesthouse from coverage if it was rented to one other than a tenant of the described dwelling.

2. INSURANCE — INSURANCE AGENTS — NEGLIGENCE — INSUFFICIENT INSURANCE.

   Defendant insurance agent was entitled to a directed verdict on the claim that the agent was negligent in failing to procure

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance §§ 257–277.
[2] 53 Am Jur, Trial § 332.

coverage for plaintiff policyholder's rented guesthouse where the agent procured insurance covering the guesthouse as long as it was not rented to other than a tenant of the principal dwelling, the agent had been instructed to procure a homeowner's policy providing coverage identical to the policy plaintiff was cancelling, defendant did not know that plaintiff's guesthouse was being rented, defendant did not have a legal duty to investigate the matter, and plaintiff, when asked by defendant why she bothered with a guesthouse when she had a big, beautiful house, falsely replied that the guesthouse was kept for the use of her older children to entertain their friends and for overnight visitors.

Appeal from Calhoun, Ronald M. Ryan, J.   Submitted Division 3 June 11, 1971, at Grand Rapids. (Docket No. 9913.)   Decided August 23, 1971.   Leave to appeal denied, 386 Mich 780.

Complaint by Grace M. Magnotta against Michigan Millers Mutual Insurance Company for noncompliance with terms of homeowner's insurance policy and against Maude B. Meyer for negligence in failing to secure proper insurance coverage.   Directed verdict for defendants.   Plaintiff appeals. Affirmed.

*Michael A. Magnotta,* for plaintiff.

*Rosenburg, Painter, Stanton & Bullen,* for defendant Michigan Millers Mutual Insurance Company.

*Noble O. Moore,* for defendant Meyer.

Before: R. B. Burns, P. J., and Fitzgerald and J. H. Gillis, JJ.

Fitzgerald, J.   This is an appeal from a directed verdict in favor of codefendants Michigan Millers Mutual Insurance Company, hereinafter referred to as Michigan Millers, and Maude B. Meyer, agent for

Michigan Millers, for failure to state a cause of action.

Plaintiff Grace M. Magnotta contends that defendant Michigan Millers wrongfully failed to comply with the terms of a homeowner's insurance policy issued to her. Plaintiff had originally procured homeowner's insurance from the Home Insurance Company through the Smith-Pulling Agency of Albion, Michigan. Dissatisfied with the handling of the account, she cancelled her policy and purchased duplicate coverage in December 1963 from defendant Maude B. Meyer, agent for defendant Michigan Millers.

Plaintiff specifically requested the identical coverage provided in the policy issued by the Home Insurance Company. The policy was to insure both the principal dwelling and an appurtenant private structure referred to as the "guesthouse".

On November 28, 1967, the guesthouse was destroyed by an accidental fire. Two months prior to the fire, the guesthouse had been rented from the plaintiff by the David Jennings family.

Defendants contend they are exempt from covering the loss because of an exclusionary provision in the policy entitled Coverage B—Appurtenant Private Structures, which states:

*"This coverage* [on appurtenant private structures] *does not include* (a) any structure used in whole or in part for commercial, manufacturing, or farming purposes; or (b) *any structures* (except structures used principally for private garage purposes) *which are wholly rented or leased to other than a tenant of the described dwelling."* (Emphasis supplied.)

Four issues are presented on appeal and they will be dealt with *seriatim.*

The first consideration is whether the trial court erred in ruling, as a matter of law, that the plaintiff's guesthouse was excluded from coverage under the terms of the insurance policy. Plaintiff contends that the exclusionary provision in Coverage B is ambiguous because the word "dwelling" is susceptible to two interpretations: 1) plaintiff's principal residence, and 2) plaintiff's "guesthouse".

The Supreme Court, in *Cottrill* v. *Michigan Hospital Service* (1960), 359 Mich 472, indicated the necessity of establishing ambiguity as a prerequisite for construction of the provisions of an insurance policy, stating at p 476:

*"However, ambiguity is essential to its* [the construction of an ambiguous contract] *application. In the absence of such a situation interpretation is not required, and courts are bound by the specific language set forth in the agreement."* (Emphasis supplied.)

See *Vigil* v. *Badger Mutual Insurance Company* (1961), 363 Mich 380, and *Topolewski* v. *Detroit Automobile Inter-Insurance Exchange* (1967), 6 Mich App 286.

We find no error in the trial court's ruling that the described "dwelling" refers to the principal residence of plaintiff. Coverage B is specifically entitled "appurtenant private structures" and, though more definitive language could have been used in the various provisions of the policy, the overall intent seems to exclude a guesthouse from coverage if it was rented to one other than a tenant of the described dwelling.

The second issue is whether the trial court erred in ruling that there was not sufficient evidence presented from which a jury could reasonably find that defendant Maude B. Meyer was negligent in failing

to procure insurance which would have covered the rented house. Plaintiff's deposition clearly indicates that she directed defendant Maude B. Meyer to duplicate the coverage contained in her original policy, and the uncontradicted testimony of defendant Maude B. Meyer substantiates that fact. The specific directions given by plaintiff to defendant Meyer is clearly distinguishable from one who seeks insurance coverage where reliance is placed upon the agent's judgment, guidance, and expertise in providing adequate protection. Defendant Meyer had no knowledge that the guesthouse was being rented, nor did she have a positive duty to investigate the matter. She merely followed very definite instructions in providing the explicit coverage requested.

Prior to delivery of the duplicate policy to plaintiff, defendant Meyer casually inquired why she bothered with a guesthouse when she had such a beautiful, big house. Plaintiff replied that the guesthouse was kept for the use of the older children to entertain their friends and for overnight visitors. That statement was incorrect. The record leaves no doubt but that the guesthouse was rented to one other than the tenant of the principal dwelling. There is no authority for plaintiff's position that a legal duty exsited requiring defendant Meyer to investigate the tenants of the guesthouse at the time of purchasing the new insurance, especially when it is probable that erroneous information might have been obtained had an inquiry been made. Therefore, the court did not err in ruling that there was insufficient evidence presented from which a jury could reasonably find that defendant Maude B. Meyer was negligent in failing to procure insurance which would have covered a rented house.

Plaintiff next contends sufficient evidence was presented at trial from which a jury could reasonably find that defendant Michigan Millers, through its agent, defendant Maude B. Meyer, knew, prior to the time it renewed the insurance policy, that plaintiff's guesthouse was a "rented structure", and that defendant Michigan Millers is estopped from denying liability. There is no evidence that defendant Michigan Millers had knowledge that the guesthouse was rented. Furthermore, there is no evidence that plaintiff relied upon any representation or act of the defendant insurance company or its agent. Moreover, the above stated issue was not pleaded or otherwise presented to the trial court and therefore is not available to the plaintiff on appeal. *Midwest Bridge Co.* v *Highway Department* (1970), 24 Mich App 151; *Goldman* v. *Century Insurance Co.* (1958), 354 Mich 528.

The final issue is whether the trial court erred in not awarding plaintiff the fair rental value of the guesthouse during the period in which it was untenantable. Again, this issue was not presented to the trial court and therefore will not be considered on appeal. *Midwest Bridge Co.* v. *Highway Dept.*, *supra.* Furthermore, the rental value of the guesthouse was specifically excluded from the coverage of the insurance policy under Coverage D, "Additional Living Expense".

This Court affirms the directed verdict in favor of both defendants of no cause of action. Costs to appellees.

All concurred.