LONG MANUFACTURING COMPANY, INC, *v*
WRIGHT-WAY FARM SERVICE, INC

1. CORPORATIONS — FOREIGN CORPORATIONS — UNLICENSED CORPORA-
TIONS—DOING BUSINESS.
      An unlicensed foreign corporation is not doing business in this
      state where it conducts only a single isolated transaction
      (MCLA 450.93).

2. CORPORATIONS—FOREIGN CORPORATIONS—UNLICENSED CORPORATION
—DOING BUSINESS.
      Plaintiff foreign corporation was doing business in Michigan
      without a license where its sales manager went to the farm
      of a customer, who was seeking the purchase and installation
      of grain equipment, drew maps and plans for installation of
      the equipment, estimated the erection costs, personally con-
      tacted an out-of-state contractor to do the work, and also
      a second contractor to correct the construction faults of the
      first; the plaintiff could not maintain any action to recover
      for the goods and services sold and furnished, because the
      sales manager's combined acts transcended the idea of a
      simple singular interstate sale and delivery (MCLA 450.93).

Appeal from Cass, James E. Hoff, J. Submitted
Division 3 February 1, 1972, at Grand Rapids.
(Docket No. 10515.) Decided March 28, 1972. Leave
to appeal granted, 388 Mich 757.

Complaint by Long Manufacturing Company, Inc.,
against Wright-Way Farm Service, Inc., for goods
and services sold and furnished. Complaint dis-
missed. Plaintiff appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 36 Am Jur 2d, Foreign Corporations § 212 *et seq.*

*Herbert J. Phillipson, Jr.,* for plaintiff.

*O'Connor & Feldman,* for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

PER CURIAM.   This is a contract case involving an unlicensed out-of-state corporation and what constitutes doing business within the state of Michigan.

Long Manufacturing Company makes and sells grain handling and drying equipment.  It is a North Carolina corporation, never having been properly authorized to do business in Michigan.  Defendant is a Michigan dealership for plaintiff's products.

A Cass County farmer, C. J. Williams, approached defendant as a customer seeking the purchase and installation of grain equipment.  Both defendant and plaintiff's salesman, Don Telford, were too inexperienced to handle the sale properly.  Telford contacted R. W. Strickland, plaintiff's district sales manager, who came from Ohio to Michigan.  Strickland talked with both the dealer and C. J. Williams, went to the Williams' farm, and sketched a rough map indicating best installation.  That night, he drew up a plan which was approved by Williams with minor alterations.  Erection costs were estimated and Strickland personally contacted a Mr. Stubbs, an Ohio contractor to do the job.  After completion by Stubbs, Strickland, because of customer complaint, had a company employee repair the leg of an elevator at no charge.  Further complaint resulted in Strickland contacting a contractor named Vale to correct the faulty work of Stubbs.

Plaintiff sought judgment of $21,359.06 for goods and services sold and furnished.  The trial court

granted defendant's motion to dismiss on the ground that plaintiff corporation was doing business in Michigan without complying with the Michigan statutes.

The following issues are raised on appeal:

1. *Did plaintiff's activities relating to the sale of their grain equipment constitute doing business in Michigan without a license?*

2. *Did the equipment sold have an intrinsic or peculiar quality or inherent complexity requiring special advice for proper installation?*

3. *Was there an unconstitutional taking of private property without due process of law?*

MCLA 450.93; MSA 21.94 provides:

"It shall be unlawful for any foreign corporation to carry on its business in this state, until it shall have procured from the Michigan corporation and securities commission a certificate of authority for that purpose."

Where there is a single isolated transaction, an unlicensed foreign corporation is not doing business in this state as contemplated by our statutes. *Dur-Ram Packing Devices, Ltd* v *Self-Seal Containers, Inc of Michigan,* 18 Mich App 81, 84–85 (1969). The statutes contemplate single sales by drummers, itinerant salesmen and dealerships as being permissive. Other acts in violation of this restriction, according to statute, are "forbidden to be done by any corporation * * * without express authority by law". MCLA 600.2021; MSA 27A.2021; *Lake States Engineering Corp* v *Lawrence Seaway Corp,* 15 Mich App 637, 645 (1969).

If defendant's grain equipment order to plaintiff had been delivered from out of state in the usual course of commerce, an interstate sale and delivery would have been consummated and no problems

would have developed. The statutory violation occurs when R. W. Strickland, plaintiff's sales manager, arrives as representative of the unlicensed corporation. The combined acts of going to the customer's farm, drawing maps and plans in the negotiation of the sale, the estimating of erection costs, and personally contacting an outstate contractor to do the work and another contractor to correct construction faults transcends the idea of a simple singular interstate sale and delivery. The acts of Strickland and the corporation fall within the prohibition of the statute and constitute doing business in this state illegally.

The question of "doing business" is one of fact. *Dobson* v *Maytag Sales Corp,* 292 Mich 107 (1940). The trial court's finding that plaintiff was doing business in the state contrary to the licensing statute is not clearly erroneous. GCR 1963, 517.1.

Plaintiff's second issue was not pleaded or otherwise presented to the trial court. It is not available to the plaintiff on appeal. *Midwest Bridge Co* v *Highway Dept,* 24 Mich App 151 (1970); *Magnotta* v *Michigan Millers Mutual Insurance Co,* 35 Mich App 450 (1971).

Although the trial court made no specific or direct answer to plaintiff's due process issue, the conclusion is both inferrable and obvious. The court held, and we agree, that this transaction was not a mere sale and shipment of goods in interstate commerce, but resulted from the actual doing of business in Michigan contrary to MCLA 450.93; MSA 21.94. Under the particular facts present in this case, the plaintiff foreign and unlicensed corporation, because of the violation, may not maintain any action founded upon such acts. MCLA 600.2021; MSA 27A.2021.

Affirmed. Costs to appellee.