SHOW COUNSELORS, LTD v AMERICAN MOTORS
CORPORATION

1. Corporations—Foreign Corporations—Certificate of Author-
   ity—Statutes.

   The statute providing that a foreign corporation is incapable of
   making valid contracts in Michigan if the corporation has no
   certificate of authority to do business in Michigan applies to
   contracts involving interstate commerce (MCLA 450.95).

2. Corporations—Foreign Corporations—Contracts—Validity.

   A plaintiff in a suit to recover the balance due on a contract was
   unlawfully carrying on business in this state and the contract
   was therefore invalid where the pleadings stated that the
   contract in question was entered into in Michigan and plaintiff,
   a foreign corporation, admitted it was not authorized to do
   business in Michigan even though its principal place of busi-
   ness was in Michigan; it matters not whether interstate com-
   merce was involved in the contract since the contract upon
   which the suit was based was invalid when made (MCLA
   450.95).

Appeal from Wayne, James Montante, J. Sub-
mitted Division 1 June. 22, 1973, at Detroit.
(Docket No. 15401.) Decided July 26, 1973.

Complaint by Show Counselors, Ltd., against
American Motors Corporation to recover the bal-
ance due on a contract. Accelerated judgment for
defendant. Plaintiff appeals. Affirmed.

*Hathaway, Ricard, Hathaway & Hathaway,* for
plaintiff.

References for Points in Headnotes
[1] 36 Am Jur 2d, Foreign Corporations § 246.
[2] 36 Am Jur 2d, Foreign Corporations §§ 54, 55, 130, 211, 294–312.

*Cross, Wrock, Miller & Vieson* (by *Andrew Allan Paterson* and *Thomas Daly Carney),* for defendant.

Before: Quinn, P. J., and J. H. Gillis and Bashara, JJ.

J. H. Gillis, J. Plaintiff, Show Counselors, Ltd., brought this action seeking to recover the balance due on a contract it had entered into with defendant, American Motors Corporation. The trial court granted defendant's motion for accelerated judgment. Plaintiff appeals as of right.

Both parties to this lawsuit are foreign corporations having their principal places of business in Michigan. The contract between the parties was entered into in Detroit, Michigan, and called for plaintiff to produce a press show for defendant's new model cars in Washington, D.C., in return for monetary consideration. Plaintiff was not admitted to do business in Michigan on the date the contract was made or at the institution of these proceedings.

Defendant's motion for accelerated judgment was based on statutory provisions which read, in part, as follows:

"It shall be unlawful for any foreign corporation to carry on its business in this state, until it shall have procured from the Michigan corporation and securities commission a certificate of authority for that purpose." (MCLA 450.93; MSA 21.94.)

*"No foreign corporation shall be capable of making a valid contract in this state* until it shall have fully complied with the requirements of the laws of this state with respect thereto, and at the time holds an unrevoked certificate to that effect from the Michigan corporation and securities commission." (MCLA 450.95; MSA 21.96.) (Emphasis supplied.)

*"When, by the laws of this state, any act is forbidden*

*to be done by any corporation* \* \* \* *without express authority by law, and such act was done by a foreign corporation, the foreign corporation shall not maintain any action founded upon such act, or upon any liability or obligation, express or implied, arising out of, or made or entered into in consideration of such act."* (MCLA 600.2021; MSA 27A.2021.) (Emphasis supplied.)

Plaintiff contends the language of those provisions does not apply to this case since performance of the contract involved interstate commerce[1] and relies on *Gartland Steamship Co v Corporation & Securities Commission,* 339 Mich 661; 64 NW2d 886 (1954); *Smilansky v Mandel Bros,* 254 Mich 575; 236 NW 866 (1931); and *American Distributing Co v Hayes Wheel Co,* 250 F 109 (ED Mich, 1918), in support of the proposition that interstate commerce is beyond the scope of state legislation.

*Gartland Steamship Co, supra,* 667; 64 NW2d 890, involves an invalid attempt of state taxation of interstate commerce. The paragraph of the opinion upon which plaintiff relies reads:

"The Constitution gives to Congress the sole right and power to regulate interstate commerce and the States are prohibited from doing that which would substantially or unreasonably burden or obstruct the free flow of such commerce."

However sound that principle may be, the case does not involve issues even remotely related to the instant lawsuit since the corporation there involved employed no persons in Michigan, owned no property in Michigan, and only had an office in Michigan for its statutorily required agent. Conse-

---

[1] The show was produced at Washington, D.C. Rehearsals were held in Evanston, Illinois. Production meetings were held in Detroit, Chicago, and New York. Equipment was obtained in Detroit and transported to Washington, D.C. We have no difficulty finding that the purpose of the production was to promote defendant's efforts to sell cars throughout the country.

quently, the loading and unloading of the corporation's transport ships at Michigan ports pursuant to navigation on the Great Lakes was held to not constitute doing business within Michigan. Here, it is admitted in the pleadings that plaintiff's principal place of business was in this state.

*Smilansky v Mandel Bros, supra,* involves the claim of a foreign corporation whose principal place of business was outside this state and was not authorized to do business in Michigan, and deals with that corporation's *ability to maintain suit* on that part of the contract dealing with interstate commerce. The statute making contracts entered into in Michigan by an unauthorized corporation invalid (MCLA 450.95, *supra)* was not before the Court, and the opinion does not indicate where, in fact, the contract in that case was made.

*American Distributing Co v Hayes Wheel Co, supra,* is more to the point. There an undomesticated foreign corporation established a Michigan office pursuant to a contract entered into in Michigan with a domestic corporation in contemplation of sales in interstate commerce. While the Federal district court agreed that the statute prohibiting the unauthorized foreign corporation from contracting in this state interfered with interstate commerce, and this supports plaintiff's position in this case, that precedent was reversed on appeal. *Hayes Wheel Co v American Distributing Co,* 257 F 881 (CA 6, 1919), rejects the contention that because the contract involves interstate commerce the disabling statute does not apply. It does.

The pleadings state the contract in question was entered into in Michigan. It is admitted plaintiff was not authorized to do business here, even though its principal place of business is in Michigan. We have no doubt that because of those

admitted facts, the trial judge was correct in determining plaintiff was unlawfully carrying on business in this state when it entered into the contract in question. *FCA Properties v Hudson Oil Co of United States, Inc,* 35 Mich App 79; 192 NW2d 390 (1971). That contract is not valid. Compare *Lake States Engineering Corp v Lawrence Seaway Corp,* 15 Mich App 637; 167 NW2d 320 (1969), and *Long Manufacturing Co, Inc v Wright-Way Farm Service, Inc,* 39 Mich App 546; 197 NW2d 862 (1972). Consequently, it matters not whether interstate commerce is involved since the contract upon which this suit is based was invalid when made.

Affirmed. Costs to defendant.

All concurred.