FERNDALE EDUCATION ASSOCIATION v SCHOOL DISTRICT
FOR THE CITY OF FERNDALE #2

1. ARBITRATION AND AWARD—JURISDICTION OF ARBITRATOR—PRESUMP-
   TIONS—LABOR RELATIONS.
   An arbitrator's award may be attacked for want of jurisdiction in
   the arbitrator, and the circuit court has the authority' to
   determine the arbitrator's proper jurisdiction; however, the
   arbitrator is to be given every presumption and the law favors
   the resolution of labor disputes by arbitrators.

2. APPEAL AND ERROR—ARBITRATION AND AWARD—SCHOOLS AND
   SCHOOL DISTRICTS—INSUFFICIENT RECORD.
   The Court of Appeals cannot determine whether a trial court
   erred in refusing to enforce an arbitrator's award in favor of a
   teacher against a school district where that court failed to set
   forth sufficient facts upon which its conclusion was based,
   where no testimony was taken, and where the question of
   employment status is at issue and that issue depends upon an
   examination of the employment practices of the school district.

3. CONSTITUTIONAL LAW—DUE PROCESS—SCHOOLS AND SCHOOL DIS-
   TRICTS—EMPLOYEES—DISMISSAL FROM EMPLOYMENT—MEDICAL
   REPORTS—HEARINGS.
   Due process requires that a teacher who is dismissed because of
   information contained in a medical report is entitled to a
   hearing and opportunity to refute the allegations in the report
   where they are of such a nature as to prejudice the teacher's
   future employment prospects.

Appeal from Oakland, John N. O'Brien, J. Sub-
mitted December 9, 1975, at Lansing. (Docket No.
22275.) Decided March 8, 1976.

Complaint by the Ferndale Education Associa-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award §§ 156, 167.
[2] 4 Am Jur 2d, Appeal and Error § 397 *et seq.*
[3] 68 Am Jur 2d, Schools § 185.

tion and Gordon Ostrowski against the School District for the City of Ferndale for a writ of mandamus to enforce an arbitration award. Writ denied. Plaintiffs appeal. Reversed and remanded for supplementation of record and findings of fact.

*Levin, Levin, Garvett & Dill* (by *Harvey I. Wax),* for plaintiffs.

*Burton R. Shifman, P. C.,* (by *Burton R. Shifman* and *Philip J. Goodman),* for defendant.

Before: McGregor, P. J., and T. M. Burns and N. J. Kaufman, JJ.

T. M. Burns, J. Plaintiffs Ferndale Education Association (hereinafter FEA) and Gordon Ostrowski sought a writ of mandamus to compel the defendant School District for the City of Ferndale (hereinafter the Board) to honor an arbitration award. At the conclusion of the show cause hearing, the trial court denied the writ holding that Ostrowski was never an employee of the Board and thus no arbitrable dispute existed. Plaintiffs appeal as of right.

The FEA is the exclusive bargaining agent of the teachers in the Ferndale School District, and the Board operates and manages the public schools.

Mr. Ostrowski sought employment as a teacher in Ferndale. In his application for employment, he stated that his health was excellent and that he had no physical defects. The Board offered him a teaching contract which Ostrowski signed on January 4, 1974. He immediately began teaching and was placed on the payroll.

The collective bargaining agreement between the FEA and the Board provides that each em-

ployee submit to a "pre-employment" physical examination. Ostrowski was examined on January 19, 1974. The resulting doctor's report indicated that Ostrowski had internal disorders caused by nerves and that such condition could be helped with psychiatric treatment. The report indicated that a number of times a year the condition would worsen and that Ostrowski would have attacks lasting two or three days. Bed rest was prescribed as the only remedy for these attacks. The report also stated that Ostrowski suffered from "chronic acne with pyodema back".

On the doctor's report under the category of "nervous diseases" was written the following: "4F Army for (?) & homosexuality details not known, psychiatric RX not known." At the conclusion of the report, the doctor wrote:

"History nervousness and psychiatric RX due to homosexuality. Nervous stomach with recurrence multiple stools, nausea, vomiting relieved by lying down and resting for a few days."

The doctor's conclusions were drawn from statements made by Ostrowski and no actual examination involving the problems occurred, other than observing the skin problems.

Subsequent to this examination, Ostrowski was informed that his employment was terminated because of the results of his medical examination. The Board formally terminated him on February 4, 1974.

Ostrowski and the FEA filed a grievance, but the Board asserted that Ostrowski never became an "employee" because successfully passing the medical examination was a precondition to employment. Grievance procedures were nevertheless

followed and the issue was submitted to binding arbitration.

An arbitration hearing was held at which Ostrowski testified that the doctor's report was incorrect. He stated that he told the doctor that the stomach attacks occurred only two or three times a year, one day at a time rather than as indicated in the report. He denied telling the doctor that he was a homosexual and stated that he told the doctor that he was examined by an army psychiatrist who described him as sexually immature, not homosexual. The doctor did not appear at the hearing.

The arbitrator concluded that Ostrowski had in fact become an employee, that the physical examination had become a post-employment obligation, and that fairness required an examination of the factors underlying his dismissal. Otherwise, urged the arbitrator, Ostrowski will forever be prejudiced by his two weeks employment and summary dismissal. Moreover, the allegations of homosexuality have stigmatized his employment record. The arbitrator found that the allegations in the doctor's report were harsh and unfounded and concluded that Ostrowski should be reinstated with back pay.

The Board decided to ignore the arbitrator's decision, hence mandamus was sought. At the conclusion of the show cause hearing, the trial court held that the arbitrator had no jurisdiction over the matter. This finding apparently was based on the conclusion that successful passing of the physical examination was a condition precedent to becoming an employee. Since Ostrowski never was an "employee", there was no jurisdiction in the arbitrator to hear the dispute. The writ of mandamus, thus, was denied.

In this appeal, we are faced with two very

difficult issues, the resolution of which requires
further proceedings.

*Did the trial court abuse its discretion by redet-
ermining the issue of whether plaintiff was an
"employee" and in reaching the opposite conclu-
sion of that of the arbitrator, refusing to enforce
the arbitrator's award?*

In *Frazier v Ford Motor Co,* 364 Mich 648, 655;
112 NW2d 80 (1961), the Court sets forth grounds
which may support an attack upon an arbitrator's
award. One such ground is the "want of jurisdic-
tion in the arbitrator". See also *John Wiley &
Sons, Inc v Livingston,* 376 US 543; 84 S Ct 909; 11
L Ed 2d 898 (1964), *Detroit Demolition Corp v
Burroughs Corp,* 45 Mich App 72; 205 NW2d 856
(1973). The trial court has the authority to deter-
mine the proper jurisdiction of the arbitrator. It
must be remembered, however, that the arbitrator
is to be given every presumption and the law
favors the resolution of labor disputes by arbitra-
tors. *Kaleva-Norman-Dickson School District No.
6, Counties of Manistee, Lake & Mason v Kaleva-
Norman-Dickson School Teachers' Association,* 393
Mich 583; 227 NW2d 500 (1975), *United Steelwork-
ers of America v Enterprise Wheel & Car Corp,*
363 US 593; 80 S Ct 1358; 4 L Ed 2d 1424 (1960).

It must also be noted that this is not a matter of
a trial court upsetting an arbitrator's findings in
an arbitrable dispute. This is a case of judicial
review of the question whether the dispute was in
fact arbitrable. The distinction, of course, is great.

We are asked here to decide whether the court
below erred in finding that the dispute was not
arbitrable. We will reverse such finding only if it
is clearly erroneous. GCR 1963, 517.1. The trial
court found that Ostrowski was not an employee
because passing the physical examination was a

condition precedent to acquiring the status of an employee. If he was not an employee, Ostrowski did not obtain enforceable rights under the teachers' contract. Without such rights, his dismissal was not a matter reviewable by the arbitrator.

In this case, it is impossible for us to determine whether or not the trial court's finding was clearly erroneous. The lower court failed to set forth sufficient facts upon which his conclusion was based pursuant to GCR 1963, 517.1. While the court rule does not require that the trial judge recite every detail of his reasoning, the instant case presents too many problematical issues for it to be disposed of summarily. The Court's discussion of GCR 1963, 517 in *Ray v Mason County Drain Commissioner,* 393 Mich 294; 224 NW2d 883 (1975), is particularly applicable to such a case as this.

There was no testimony received by the trial court. This is troublesome because the question of whether the physical examination was a condition precedent to becoming an "employee" warrants close scrutiny. At least some examination of the employment practices of the Board is required before it can be determined whether passing the physical was a critical step in becoming an employee.

The need for greater examination of the question is pointed up by the fact that the arbitrator found that Ostrowski was indeed an employee under the contract. The resolution of that issue depends upon an interpretation of employment procedures. A labor arbitrator is very often in a better position to properly determine such questions. The following quote is particularly enlightening in this regard:

"The labor arbitrator's source of law is not confined

to the express provisions of the contract, as the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it. The labor arbitrator is usually chosen because of the parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment." *United Steelworkers of America v Warrier & Gulf Navigation Co,* 363 US 574, 581–582; 80 S Ct 1347; 4 L Ed 2d 1409 (1960).

Is it "common law of the shop" that physicals are only post-employment obligations? Is it such within the School District for the City of Ferndale? We have no way of knowing based upon the current record.

*Was Mr. Ostrowski denied procedural due process when he was summarily dismissed without a hearing on the accuracy of the allegations contained in the medical report?*

In *Board of Regents of State Colleges v Roth,* 408 US 564; 92 S Ct 2701; 33 L Ed 2d 548 (1972), the Court discussed whether due process requirements mandated a hearing for an untenured teacher who had been told that he would not have his contract renewed. The Court held that the teacher did not possess such a "property right" that a hearing was required. In that case, however, there were no allegations made which would stigmatize and prejudice the teacher's employment opportunities. In the case at bar, the allegations contained in the doctor's report may seriously jeopardize Ostrowski's future employment prospects. In *Roth,* the Court considered such matters:

"The State, in declining to rehire the respondant, did not make any charge against him that might seriously damage his standing and associations in his community.

It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For '[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.' *Wisconsin v Constantineau,* 400 US 433, 437 [91 S Ct 507, 510; 27 L Ed 2d 515 (1971)] [other citations omitted]. *In such a case, due process would accord an opportunity to refute the charge before University officials.*"[1] 408 US 564, 573; 92 S Ct 2701, 2707; 33 L Ed 2d 548, 558. (Emphasis added.)

Despite the fact that Ostrowski worked for the Board for a short time, the potentially great harm of the allegations of homosexuality and resultant dismissal require that he be given an opportunity to refute them. Whether or not Ostrowski was an employee for the purposes of acquiring rights under the collective bargaining agreement is irrelevant in this issue. Ostrowski was hired, paid and fired: an employee in fact, and he deserves a hearing before the Board on the reasons for his dismissal. Even if Ostrowski was not "officially" an employee, he acquired sufficient property rights considering the prejudice that will accompany his dismissal to require a hearing.

The judgment of the trial court is reversed and remanded for supplementation of the record and findings of fact on whether passage of the medical examination was in fact a condition precedent to employment.

We retain jurisdiction in this cause.

---

[1] *Cf. Perry v Sindermann,* 408 US 593; 92 S Ct 2694; 33 L Ed 2d 570 (1972).