MICHIGAN MUTUAL LIABILITY COMPANY v GRAHAM

ARBITRATION AND AWARD—STAY OF PROCEEDINGS—AGREEMENT TO ARBITRATE—EXPRESS EXEMPTION.

Arbitration may be stayed only on a finding that there was no agreement to arbitrate, and where there is no question of the existence of such an agreement and the controversy is not expressly exempted by the contract, the parties should proceed to arbitration (GCR 1963, 769.2).

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 December 7, 1972, at Lansing. (Docket No. 13262.) Decided January 17, 1973.

Complaint by Michigan Mutual Liability Company against Lewis J. Graham, David L. Graham, Joseph G. DeFrancesco, and the American Arbitration Association to stay an arbitration proceeding. Judgment for defendants. Plaintiff appeals. Affirmed.

*Chaklos, Jungerheld, Hoffmann & O'Neill,* for plaintiff.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for defendants Lewis J. Graham and David L. Graham.

Before: BRONSON, P. J., and R. B. BURNS and DANHOF, JJ.

DANHOF, J. The plaintiff brought this action seeking to stay an arbitration proceeding under

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Arbitration and Award §§ 29, 83.

GCR 1963, 769.2. The trial court denied relief and ordered the parties to proceed to arbitration. We affirm.

The plaintiff issued a policy of insurance to Lewis J. Graham which covered three automobiles. The policy contained an uninsured-motorist clause which provided coverage in the amount of $10,000. Defendant David Graham was injured by an uninsured motorist and made a claim against the company. The policy contained an arbitration clause which reads:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association."

Defendant David Graham demanded arbitration and in an amended demand requested compensation in the amount of $30,000 on the theory that he was entitled to $10,000 for each insured car. This question was argued before the arbitrator and both sides submitted briefs. After the case was submitted to the arbitrator and 11 days before a decision of the arbitrator was due, the plaintiff commenced this action.

Piecemeal litigation is to be frowned on. In *Maryland Casualty Co v McGee,* 32 Mich App 539, 546 (1971), this Court said:

"We think an interpretation of an arbitration agreement which would have the effect of chopping up a dispute between an insured and his insurer and requiring separate determinations of each portion thereof in

different forums militates against the very benefits sought by arbitration and which benefits tend to make arbitration a reasonable remedy under the insurance code."

The agreement to arbitrate found in this contract is an agreement to arbitrate all controversies arising under the contract that are not expressly exempt. MCLA 600.5001(2); MSA 27A.5001(2); *Maryland Casualty Co v McGee, supra.* The controversy between the parties is not expressly exempted by the contract.

Arbitration may be stayed only on a finding that there was no agreement to arbitrate. GCR 1963, 769.2(2). GCR 1963, 769.2(4) provides:

"An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown."

Our court rule is in many respects similar to the Uniform Arbitration Act. In *Layne-Minnesota Co v Regents of University of Minnesota,* 266 Minn 284, 292–293; 123 NW2d 371, 377 (1963), the Supreme Court of Minnesota construed the Minnesota version of the uniform act saying:

"Minn St 572.09(e) reinforces our conclusion. The act intended that arbitrators decide both questions of law and fact. Arbitration is not to be refused because a party seeks to establish that the 'claim in issue lacks merit or bona fides or because any fault or grounds for the claim * * * have not been shown.' On the preliminary application to compel arbitration a court is barred from examining into the merits of that defense. No such limitation is imposed on the court upon application of a party to vacate the award under § 572.19. By express provision the court is directed to vacate the award if the 'arbitrators exceeded their powers.' These provisions of the act persuasively demonstrate its policy

as applied to our problem. If parties voluntarily agree to submit disputes to arbitration, the arbitration process should go forward unimpeded by judicial interference. Where the process has failed to dispose of the controversy, the rights of the parties to litigate the issue of arbitrability is not only unimpaired but both the court and the parties will be immeasurably aided by what has occurred. Where litigation follows arbitration, the costs to the parties is increased and one of the benefits claimed by proponents of arbitration is defeated. However, it must be remembered that this cannot be charged to the act but to the contract over which the parties alone had control."

Since this is not a question of the existence of an agreement to arbitrate, the parties should proceed to arbitration. The plaintiff's proper remedy is a motion to vacate an award under GCR 1963, 769.9.

Affirmed, costs to the defendants.

All concurred.