DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
SPAFFORD

1. ARBITRATION AND AWARD—COURTS—STAY OF ARBITRATION—IN-
   JUNCTION.

   Arbitration may be stayed only on a finding that there was no
   agreement to arbitrate, and the parties must proceed to arbi-
   tration before a circuit court can intervene.

2. ARBITRATION AND AWARD—INSURANCE—TERMS OF POLICY—APPLI-
   CATION TO VACATE AWARD—COURT RULES.

   Questions of insurance coverage not expressly exempt from arbi-
   tration by the terms of a policy are properly submitted to
   arbitration before the parties seek relief from the courts; the
   proper remedy in the event that an award is granted by the
   arbitrator is an application to vacate the award (GCR 1963,
   769.9).

Appeal from Saginaw, Eugene Snow Huff, J.
Submitted Division 3, February 11, 1975, at Lans-
ing. (Docket No. 19666.) Decided June 24, 1975.
Leave to appeal denied, 395 Mich 767.

Complaint by Detroit Automobile Inter-Insur-
ance Exchange against Joan Spafford and the
American Arbitration Association seeking a de-
claratory judgment and an injunction to enjoin the
arbitration commenced in accordance with provi-
sions of an insurance policy. Summary judgment
for defendants. Plaintiff appeals. Affirmed.

*Heilman, Purcell, Tunison & Cline, P. C.,* for
plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award §§ 29, 83.
[2] 5 Am Jur 2d, Arbitration and Award §§ 178, 184–189.

*van Benschoten & van Benschoten, P. C.,* for defendants.

Before: Allen, P. J., and T. M. Burns and R. M. Maher, JJ.

Per Curiam. Plaintiff, Detroit Automobile Inter-Insurance Exchange, appeals from an order of summary judgment dismissing its complaint seeking declaratory judgment and to enjoin arbitration before defendant, American Arbitration Association.

On March 18, 1972, defendant, Joan Spafford, was injured in a collision between two snowmobiles. The accident occurred at night on the frozen surface of Bass Lake in Clare County, Michigan. Mrs. Spafford was a passenger on the snowmobile owned and operated by her husband, H. C. Spafford, Jr. The Spaffords were experiencing marital difficulties at the time and a divorce, then pending, became final in May of 1972.

H. C. Spafford, Jr. was the named insured on the policy in question and on July 17, 1973, Joan Spafford filed a demand for arbitration in accordance with the policy provisions. Plaintiff objected to the matter being submitted to arbitration and thereafter filed its complaint for declaratory judgment and injunctive relief. Plaintiff asserted that arbitration should be enjoined because: (1) Mrs. Spafford was not "an insured" under the policy in question; (2) the uninsured motorist coverage was not applicable to crawler-tread vehicles; (3) the accident did not occur on a public highway; (4) Mrs. Spafford failed to give timely notice as required by the policy.

Defendant Spafford moved for summary judgment. In granting defendant's motion, the trial court held that the parties must first proceed to

arbitration before the court could intervene.[1] We agree.

"Arbitration may be stayed only on a finding that there was no agreement to arbitrate." *Michigan Mutual Liability Co v Graham,* 44 Mich App 406, 408; 205 NW2d 289 (1973). The policy in this case provides uninsured motorist coverage to the named insured "and, while residents of the same household of such individual, the spouse and relatives of either". With respect to arbitration of claims under the uninsured motorists provision of the policy, the following language appears:

"The determination as to whether the insured shall be legally entitled to recover damages and if so entitled the amount thereof, shall be made by agreement between the insured and the Exchange.

"In the event of disagreement and upon the written demand of either, the matter or matters upon which the insured and the Exchange do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The insured and the Exchange each agrees to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage. Such an award shall be a condition precedent to any action against the Exchange by reason of the insurance afforded by this coverage."

In *Maryland Casualty Co v McGee,* 32 Mich App 539; 189 NW2d 44 (1971), the policy provisions were substantially the same as in the instant case. There plaintiff denied contact between the alleged

---

[1] During the pendency of this appeal the arbitration hearing was held. On May 17, 1974, defendant was awarded $34,539.95. Plaintiff moved to vacate the award and it would appear from the briefs of the parties that the matter is being held in abeyance pending the disposition of this appeal.

hit-and-run vehicle and defendant's auto and thus brought an action seeking a declaratory judgment as to whether its insured had been in an accident with an uninsured motorist as defined in the contract of insurance. Plaintiff claimed that until such a court determination was made, it was not required to go to arbitration. There, as here, plaintiff relied on *Western Casualty & Surety Co v Strange,* 3 Mich App 733; 143 NW2d 572 (1966). The Court in *McGee, supra,* 545, stated:

"We think *Western Casualty* errs in assuming as a basic premise that *Carr* says that only matters arbitrable under an insurance contract are those specified in the contract."

The Court continued:

"We think an interpretation of an arbitration agreement which would have the effect of chopping up a dispute between an insured and his insurer and requiring separate determinations of each portion thereof in different forums militates against the very benefits sought by arbitration and which benefits tend to make arbitration a reasonable remedy under the insurance code.

"Further, the question cannot be viewed without reference to a positive legislative enactment authorizing contracting parties to agree to arbitration of future disputes under their contract. In such cases MCLA 600.5001(2); MSA 27A.5001(2), provides:

" 'Such an agreement shall stand as a submission to arbitration of any controversy arising under said contract *not expressly exempt* from arbitration by the terms of the contract.' (Emphasis added.)

"The effect of the act, then, is to distinguish the situation in which parties agree to submission of an existing dispute, where the arbitration is dependent on the issues submitted, and the contract incorporating an agreement to arbitrate future disputes arising thereun-

der in which the scope of arbitration is not dependent on precisely defining what they have agreed to arbitrate but on what they have expressly withheld from future arbitration." *Maryland Casualty Co v McGee, supra,* 546–547.

The present case does not involve a question of the existence of an agreement to arbitrate but principally presents questions of coverage not expressly exempt from arbitration by the terms of the policy. Therefore, the court properly directed the parties to proceed to arbitration and plaintiffs' proper remedy in such an instance is a motion to vacate the award under GCR 1963, 769.9.

Affirmed. Costs to defendant.