AMERICAN MOTORISTS INSURANCE COMPANY v LLANES

1. ARBITRATION AND AWARD—ARBITRATION AGREEMENT—VALIDITY OF AWARD—SCOPE OF AGREEMENT.

An agreement of arbitration entered into between the parties to an action is the law of the case, and an award based upon the agreement of arbitration must stand, in the absence of fraud or mistake, but an arbitrary award outside the scope of the agreement is not binding upon anyone, because it has no legal sanction.

2. ARBITRATION AND AWARD—JUDICIAL REVIEW—JURISDICTION OF ARBITRATOR—AUTHORITY OF ARBITRATOR—COURT RULES.

A court may not review questions already decided by an arbitrator, but it may review an arbitrator's assumption of jurisdiction to determine whether the arbitrator exceeded his authority in ruling on a claim (GCR 1963, 769.9[1][c]).

3. ARBITRATION AND AWARD—ARBITRATION AGREEMENT—EXEMPTIONS FROM ARBITRATION—STATUTES.

An agreement to arbitrate future disputes under a contract stands as a submission to arbitration of any controversy arising under the contract except for matters expressly exempted from arbitration (MCLA 600.5001[2]).

4. ARBITRATION AND AWARD—INSURANCE—COVERAGE—EXEMPTIONS FROM ARBITRATION—JUDICIAL DETERMINATION.

The compensability under an insurance policy of an insured's injury, by a gunshot fired from a passing unidentified vehicle while the insured was entering his car, is a matter of coverage and outside the authority of an arbitrator to decide where matters of coverage are specifically excluded from arbitration by the insurance policy; an award by the arbitrator to the insured under such a policy is conditional upon a judicial

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 5 Am Jur 2d, Arbitration and Award §§ 12, 13.
[2] 5 Am Jur 2d, Arbitration and Award § 15.
[4] 44 Am Jur 2d, Insurance § 1707 *et seq.*
[5] 5 Am Jur 2d, Arbitration and Award §§ 114–116, 118.

determination of the insurance coverage within the meaning of the policy.

5. Arbitration and Award—Notice of Claim—Judicial Review— Court Rules.

The issue of whether there was adequate notice of an arbitration claim by an insured against the insurer is exclusively for the arbitrator and is not reviewable by the court where notice is not a jurisdictional prerequisite to arbitration under the terms of the insurance contract (GCR 1963, 769.9[1][c]).

Appeal from Saginaw, Eugene Snow Huff, J. Submitted May 8, 1975, at Lansing. (Docket Nos. 20473, 20875.) Decided August 28, 1975.

Guadalupe Llanes, Sr., filed a motion in circuit court to confirm an arbitration award under a policy of insurance issued by American Motorists Insurance Company. Complaint by American Motorists Insurance Company for a declaratory judgment to vacate the arbitration award. The award was confirmed, and summary judgment granted in favor of Guadalupe Llanes, Sr. American Motorists Insurance Company appeals. Reversed and remanded for further proceedings.

*Morrissey, Bove & Ebbott,* for American Motorists Insurance Company.

*Nicholas R. Trogan, III,* for Guadalupe Llanes, Sr.

Before: Danhof, P. J., and J. H. Gillis and R. M. Maher, JJ.

Per Curiam. Guadalupe Llanes, Sr. was awarded $20,000 in an arbitration proceeding under his uninsured motorist policy with American Motorists Insurance Company, hereinafter referred to as American. Following the award, on Feb-

ruary 19, 1974, Llanes filed a motion in the Saginaw County Circuit Court to confirm the arbitrator's award and on February 21, 1974, American filed a separate action for declaratory judgment to vacate the decision of the arbitrator. A motion for summary judgment was filed by Llanes seeking to dismiss American's declaratory judgment action and although both actions were ostensibly consolidated by the trial court, separate judgments were entered confirming the award of the arbitrator and granting Llanes' motion for summary judgment. American has appealed both judgments which have been consolidated for hearing, argument and decision by this Court.

The stipulated facts of the accident in question are as follows:

"On February 24, 1973, about 11:30 p.m., the claimant, Guadalupe Llanes, Sr., left the Las Vegas Bar and was in the process of getting into his automobile which was located on the East side of North 6th Street, facing a Northerly direction, about one-half block South of its intersection with North Washington Street, Saginaw, Michigan. Claimant testified that he was accompanied by Mr. Kenneth Kowalski. As Mr. Llanes was leaning into the car in order to unlock the passenger side door for Mr. Kowalski, he heard a gunshot and felt a bullet hit his left ankle. Mr. Kenneth Kowalski testified that the gunshot came from an automobile which passed by Mr. Llanes' vehicle heading North on North 6th Street. He testified that the vehicle was about one-half of a car length North of claimant's vehicle when he saw a flash from the right front window and heard the gunshot. Upon investigation, he found Mr. Llanes had been hit and was bleeding profusely. Neither Mr. Kowalski or Mr. Llanes could identify the vehicle or the person that fired the gunshot.

"Subsequently, Mr. Llanes suffered a large medical expense and over eight months off from his regular employment."

With respect to arbitration of claims under the uninsured motorists provision of the policy issued August 10, 1972, the following language appears:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then upon written demand of either, the matter or matters, *excluding matters of coverage,* upon which such persons and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association. * * * The arbitrators will hear and determine the matter or matters, *excluding matters of coverage,* upon which said persons do not agree. * * * Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part." (Emphasis supplied.)

On March 15, 1973, Llanes served American with notice of his demand for arbitration of whether his injury was compensable under the hit and run provisions of the policy. Initially, although not citing directly to the arbitrator the fact that questions of coverage were expressly excluded from arbitration, American objected to arbitration on the grounds that Llanes' injury was not the result of a hit and run vehicle as that term was defined in the policy. American further claimed that there was no physical contact between the hit and run vehicle and Llanes or the automobile Llanes was occupying.

After requesting briefs on the question of his jurisdiction, the arbitrator decided that he had jurisdiction and found that a hit and run accident had occurred. In seeking to vacate the award, American argued before the trial court that the

arbitrator had exceeded his powers in deciding questions of coverage. The trial court decided that while it would be inclined to agree that Llanes' injury was not of a type covered by the insurance policy, that determination was a question of fact committed to the absolute judgment of the arbitrator in this case. We disagree.

A reading of GCR 1963, 769.9(1)(c), indicates that the trial court had a right to review the arbitrator's assumption of jurisdiction. See also, *Detroit Automobile Inter-Insurance Exchange v Spafford,* 62 Mich App 365; 233 NW2d 283 (1975). While it is true that a court may not review questions already decided by an arbitrator, the court in this case could have and should have ruled on the issue of whether the arbitrator exceeded his authority in ruling on a gunshot injury claim. As stated in *Stowe v Mutual Home Builders Corp,* 252 Mich 492, 497; 233 NW 391 (1930):

"Arbitrators derive all their power and authority from the law. The agreement of arbitration entered into between the parties is the law of the case. An award based upon the agreement of arbitration must stand, in the absence of fraud or mistake, but an arbitrary award outside the scope of the agreement of arbitration is not binding upon anyone, because it has no legal sanction."

Llanes argues that because the jurisdiction issue was submitted initially to the arbitrator, his decision, which was in part necessarily factual, must be considered final and binding. In *Maryland Casualty Co v McGee,* 32 Mich App 539, 546–547; 189 NW2d 44 (1971), this Court explained what is properly submitted to an arbitrator:

"[T]he question cannot be viewed without reference to a positive legislative enactment authorizing contracting

parties to agree to arbitration of future disputes under their contract. In such cases MCLA 600.5001(2); MSA 27A.5001(2) provides:

" 'Such an agreement shall stand as a submission to arbitration of any controversy arising under said contract *not expressly exempt* from arbitration by the terms of the contract.' (Emphasis added.)

"The effect of the act, then, is to distinguish the situation in which parties agree to submission of an existing dispute, where the arbitration is dependent on the issues submitted, and the contract incorporating an agreement to arbitrate future disputes arising thereunder in which the scope of arbitration is not dependent on precisely defining what they have agreed to arbitrate but on what they have expressly withheld from future arbitration."

Here, matters of coverage were expressly exempt from arbitration and outside the arbitrator's authority. American continuously protested before the arbitrator that he was without authority to make any award for a gunshot wound under the policy of auto insurance. The fact that American submitted to arbitration does not give legal sanction to an award made outside the scope of the agreement. Thus, the issue of Llanes' gunshot injury, being a matter of coverage excluded from arbitration under the policy in question, although initially submitted to the arbitrator, was outside his authority. The arbitration award is therefore conditional upon a judicial determination of the hit and run coverage within the meaning of the policy.

American also claims that the trial court committed reversible error in deciding that the issue of whether there had been adequate notice of an arbitration claim by Llanes was exclusively for the arbitrator and not reviewable. The trial court was correct. American does not assert that notice was

a jurisdictional prerequisite to arbitration nor does a reasonable construction of the notice provision lead to that conclusion. Therefore, the issue was outside the trial court's right to review under GCR 1963, 769.9(1)(c).

Reversed and remanded to the trial court for further proceedings consistent with this opinion. Costs to American.