AMERICAN MOTORISTS INSURANCE COMPANY v LLANES

Docket Nos. 57490, 57491. Decided March 29, 1976.

Guadalupe Llanes, Sr., was injured by a gunshot from a passing car and awarded $20,000 in an arbitration proceeding under his uninsured motorist policy with American Motorists Insurance Company. The Saginaw Circuit Court, Eugene Snow Huff, J., entered judgments confirming the arbitration award and granting summary judgment to Llanes on a complaint by American for declaratory judgment to vacate the decision of the arbitrator. The Court of Appeals, Danhof, P. J., and J. H. Gillis and R. M. Maher, JJ., reversed (Docket Nos. 20473, 20875). Llanes applies for leave to appeal. *Held:*

American submitted the claim to the arbitrator without raising an objection to the arbitrability of the claim as being a matter of coverage. American may not now challenge the unfavorable award by complaining for the first time in court that the issue decided was excluded from arbitration under the policy.

64 Mich App 105; 235 NW2d 77 (1975) reversed.

*Morrissey, Bove & Ebbott* for American Motorists Insurance Company.

*Nicholas R. Trogan, III, P. C.,* for Guadalupe Llanes, Sr.

PER CURIAM. The appellant, Guadalupe Llanes, filed a motion in circuit court to confirm an arbitration award under his uninsured motorist policy issued by the appellee ("American" below). The insurer then filed a separate action for declaratory judgment to vacate the decision of the arbitrator. After consolidation of these matters, the circuit judge entered separate judgments confirming the

arbitration award and granting summary judgment in favor of Llanes.

On appeal to the Court of Appeals, American argued that the arbitrator had no authority to rule on Llanes's gunshot claim because it presented a "matter of coverage", excluded from arbitration by the insurance policy.[1] The Court of Appeals agreed with American and reversed the judgments of the circuit court. The undisputed facts are fully set forth in the opinion of the Court of Appeals, 64 Mich App 105, 107; 235 NW2d 77 (1975).

At the hearing before the arbitrator, American objected to the proceeding on the basis of insufficient notice and contended it was not liable under the "hit and run" provision of the policy. The issue of the arbitrability of the claim was not raised. Having proceeded without objection on arbitrability, American submitted the question to the arbitrator for decision. American may not now challenge the unfavorable award in court by complaining, for the first time, that the issue decided was excluded from arbitration. *Hopkins v Auto-Owners Insurance Co,* 41 Mich App 635; 200 NW2d 784 (1972); *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72; 205 NW2d 856 (1973).

"If a party to an arbitration agreement wants to

---

[1] American based this argument on the following policy provision:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then upon written demand of either, the matter or matters, *excluding matters of coverage,* upon which such persons and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association. * * * The arbitrators will hear and determine the matter or matters, *excluding matters of coverage,* upon which said persons do not agree. * * * Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part." (Emphasis supplied.)

object to the arbitrability of a specific issue, he should do so at the earliest opportunity. He should raise the objection before the issue is submitted for a hearing on its merits, because he may not voluntarily submit an issue to arbitration and then, if he suffers an adverse decision, move to set aside the adverse award on the ground that it was not an arbitrable issue." Anno: *Participation in Arbitration Proceedings as Waiver of Objections to Arbitrability,* 33 ALR3d 1242, 1244.

Pursuant to GCR 853.2(4), in lieu of leave to appeal, we reverse the judgments of the Court of Appeals and reinstate the judgments of the circuit court.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.