AMERICAN FIDELITY FIRE INSURANCE COMPANY v BARRY

1. ARBITRATION AND AWARD—CONTRACTS—SCOPE OF ARBITRATION—
   JUDICIAL DETERMINATION.
   The scope of arbitration of a contract is determined by the
   contract between the parties; whether or not an issue is arbi-
   trable is a matter for judicial determination.

2. ARBITRATION AND AWARD—CONTRACTS—ARBITRABLE ISSUES—
   COURTS—SCOPE OF ARBITRATION.
   The scope of a court's consideration whether an issue arising
   under a contract is arbitrable is sharply limited; if a claim on
   its face is governed by the contract, it should be decided by the
   arbitrator unless strong evidence demonstrates that the matter
   is outside the scope of the arbitration provision.

3. ARBITRATION AND AWARD—PUBLIC POLICY—ARBITRABLE ISSUES—
   LIBERAL CONSTRUCTION—ARBITRATION CLAUSE.
   Public policy in Michigan favors arbitration in the resolution of
   disputes; arbitration clauses contained in contracts are to be
   liberally construed, resolving any doubts about the arbitrability
   of an issue in favor of arbitration.

4. ARBITRATION AND AWARD—CONTRACTS—ARBITRABLE ISSUES—
   THREE-STAGE INQUIRY.
   The arbitrability of an issue in a contract is ascertained through
   a three-stage inquiry: (1) Is there an arbitration agreement in a
   contract between the parties? (2) Is the insured's claim "on its
   face" or "arguably" related to the contract? and (3) Is the
   dispute "expressly exempt" by the terms of the contract?

5. INSURANCE—CONTRACTS—AMBIGUITIES—CONSTRUCTION OF AMBIGU-
   OUS INSURANCE CONTRACTS.
   An ambiguous insurance contract is construed against the insur-
   ance company which prepared it.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 5 Am Jur 2d, Arbitration and Award § 54.
[3] 5 Am Jur 2d, Arbitration and Award § 14.
[5] 43 Am Jur 2d, Insurance § 257.
[6] 5 Am Jur 2d, Arbitration and Award § 167.
[7] 5 Am Jur 2d, Arbitration and Award § 145.
[8] 73 Am Jur 2d, Summary Judgment § 1.

6. ARBITRATION AND AWARD—VACATING AWARD—AUTHORITY OF ARBI-
   TRATOR—NONARBITRABLE ISSUES—COURT RULES.

   An arbitration award may be set aside where an arbitrator
   exceeds his authority because a nonarbitrable issue has been
   submitted to him (GCR 1963, 769.9).

7. ARBITRATION AND AWARD—APPEAL AND ERROR—PRESERVING QUES-
   TION—ARBITRABILITY OF DISPUTE—ARBITRATOR.

   The issue of whether or not a dispute is arbitrable is preserved
   for appeal where arguments against arbitrability are addressed
   to the arbitrator himself.

8. JUDGMENT—SUMMARY JUDGMENT—ACCELERATED JUDGMENT—MO-
   TIONS.

   The Court of Appeals may treat a motion for accelerated judg-
   ment as a motion for summary judgment.

Appeal from Wayne, Benjamin D. Burdick, J.
Submitted November 7, 1977, at Detroit. (Docket
No. 77-1993.) Decided January 5, 1978. Leave to
appeal denied, 402 Mich —.

Complaint by American Fidelity Fire Insurance
Company against Dorothy Barry and the Ameri-
can Arbitration Association for a declaratory judg-
ment that no contract existed between the plaintiff
and defendant Barry providing for uninsured mo-
torist coverage with respect to a certain vehicle
and seeking to enjoin arbitration proceedings.
Judgment for defendants. Plaintiff appeals. Af-
firmed.

*Lakin & Worsham, P. C.,* for plaintiff.

*Charles E. Raymond,* for defendant Dorothy
Barry.

Before: D. C. RILEY, P. J., and D. F. WALSH and
A. C. MILLER,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. This is an appeal from the granting of accelerated judgment in favor of defendants in an action for declaratory judgment brought by plaintiff insurance company. Plaintiff sought a determination that there existed no contract between the parties providing for uninsured motorist coverage with respect to a particular vehicle, and also sought to enjoin arbitration proceedings demanded by defendant Barry.

It is undisputed that there is an insurance contract between the parties applicable to a 1966 Mercury in which defendant claims she was driving when she was injured by an uninsured motorist. The insurer, though, denies that the policy includes uninsured motorist coverage. The policy contains an arbitration provision:

"8. Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

Under MCLA 600.5001(2); MSA 27A.5001(2), "[s]uch an agreement shall stand as a submission to arbitration of any controversy arising under said contract not expressly exempt from arbitration by the terms of the contract". Defendant contends and the trial court agreed that her dis-

pute with plaintiff as to the scope of her coverage is arbitrable under their contract; plaintiff insists otherwise.

The scope of arbitration is determined by the contract between the parties; whether an issue is arbitrable or not is a matter for judicial determination. *Kaleva-Norman-Dickson School District No 6, Counties of Manistee, Lake & Mason v Kaleva-Norman-Dickson School Teachers' Association,* 393 Mich 583, 587; 227 NW2d 500 (1975), *Brown v Holton Public Schools,* 397 Mich 71, 74; 243 NW2d 255 (1976). But the scope of a court's consideration whether an issue is arbitrable is sharply limited. If a claim on its face is governed by the contract, it should be decided by the arbitrator unless strong evidence demonstrates that the matter is outside the scope of the arbitration provision. *Kaleva, supra,* at 590–595, *Ferris State College v Ferris Faculty Association,* 72 Mich App 244, 247–248; 249 NW2d 375 (1976). Recently, this Court forcefully restated the rule of judicial deference toward the arbitration of arbitrability:

"Public policy in this state favors arbitration in the resolution of disputes. *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers' Association,* 393 Mich 583; 227 NW2d 500 (1975). Arbitration clauses contained in contracts are to be liberally construed, *Stadel v Granger Brothers, Inc,* 4 Mich App 250, 258; 144 NW2d 609 (1966), resolving any doubts about the arbitrability of an issue in favor of arbitration. *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975), *lv den,* 395 Mich 806 (1975). If the arbitration clause arguably includes the asserted dispute, then arbitration should be ordered upon proper motion. GCR 1963, 769. *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers' Association, supra,* at 592, *Ferris State College v Ferris Faculty Association,* 72 Mich App 244;

249 NW2d 375 (1976)." *Campbell v Community Service Insurance Co of Lansing, Michigan,* 73 Mich App 416, 419; 251 NW2d 609 (1977).

In this case, defendant's claim "on its face" relates to the insurance contract for the 1966 Mercury created by the endorsement of January 3, 1975. It is true that on the merits the claim appears to be unsound. The endorsement by which the 1966 Mercury was substituted for another vehicle appears to make no provision for uninsured motorist coverage. But the question is not whether the claim is valid but rather who is to pass on its validity in the first instance. As Justice LEVIN wrote in his *Kaleva* opinion:

"In deciding whether a dispute involving an issue of contract interpretation is arbitrable, a court should guard against the temptation to make its own interpretation of the substantive provisions of the contract encompassing the merits of the dispute. If the parties have agreed that an arbitrator shall decide questions of contract interpretation, the merits of the dispute are for the arbitrator.

"Where a court finds itself weighing the pros and cons of each party's interpretation of substantive provisions of the contract, it is likely that the court has gone astray. The question for the court is not whether one interpretation or another is correct, but whether the parties have agreed that an arbitrator shall decide which of the competing interpretations is correct." 393 Mich at 594–595.

The arbitrability of an issue is ascertained through a three-stage inquiry.

First, is there an arbitration agreement in a contract between the parties? We agree with the trial court that there is. Plaintiff makes the strained argument that there are actually *several*

contracts—for bodily injury liability, for property damage liability, etc.—between plaintiff and defendant with respect to *each* insured vehicle, consequently it can be said that there is *no* contract for uninsured motorist coverage under which to arbitrate anything. We disagree. The cases cited by plaintiff finding distinct insurance contracts which could be "stacked", *Citizens Mutual Insurance Co v Turner,* 53 Mich App 616; 220 NW2d 203 (1974), *Arminski v United States Fidelity & Guaranty Co,* 23 Mich App 352; 178 NW2d 497 (1970), are inapposite, among other reasons, because, there, separate and independent premiums were paid on *separate vehicles.* We reject plaintiff's argument in this context as an abstract formalism, as we have rejected similar arguments by other insurers seeking to avoid arbitration under agreements they had themselves prepared. See *Detroit Automobile Inter-Insurance Exchange v Spafford,* 62 Mich App 365; 233 NW2d 283 (1975), and *Campbell v Community Service Insurance Co of Lansing, Michigan, supra.* We, therefore, conclude that the present dispute "presents questions of coverage", *Spafford, supra,* at 369, and is a "dispute * * * over payment", *Campbell, supra,* at 419.

Second, is the insured's claim "on its face", *Kaleva, supra,* or "arguably", *Campbell, supra,* related to the contract? In answering this question, any doubts should be resolved in favor of arbitration. *Chippewa Valley Schools v Hill,* 62 Mich App 116, 120; 233 NW2d 208 (1975), *lv den,* 395 Mich 806 (1975), *Campbell, supra,* at 419. Defendant's claim "on its face" is based on her insurance contract with plaintiff concerning the 1966 Mercury. The claim may well prove to be as groundless as defendant insists it is, but even if it

would be a "clear error" to make an award to the defendant, the dispute is arbitrable. Compare *Spafford, supra,* with *Detroit Automobile Inter-Insurance Exchange v Spafford,* 76 Mich App 85; 255 NW2d 780 (1977).

Third, is the dispute "expressly exempt" by the terms of the contract? If not, it is arbitrable. MCLA 600.5001(2); MSA 27A.5001(2), *Kaleva, supra,* at 592–593. Plaintiff insurer has not claimed that the arbitration provision exempts disputes of this type, though there was nothing to prevent it from excluding "matters of coverage" from arbitration, see, *e.g., American Motorists Insurance Co v Llanes,* 64 Mich App 105, 108; 235 NW2d 77 (1975), *rev on other grounds,* 396 Mich 113; 240 NW2d 203 (1976). An ambiguous insurance contract is construed against the insurance company which prepared it. *Lintern v Zentz,* 327 Mich 595, 600; 42 NW2d 753; 18 ALR2d 713 (1950); 43 Am Jur 2d, Insurance, § 271, pp 329–331. The case against the defendant may well be as strong as the plaintiff insists, but the arguments should be addressed to the arbitrator, not the courts. This Court disfavors attempts "to segregate disputed issues into arbitrable sheep and judicially-triable goats (or *vice versa)". Maryland Casualty Co v McGee,* 32 Mich App 539, 545; 189 NW2d 44 (1971); see also *Michigan Mutual Liability Co v Graham,* 44 Mich App 406, 407; 205 NW2d 289 (1973). If the arbitrator exceeds his authority because a nonarbitrable issue has been submitted to him, the award may be vacated. GCR 1963, 769.9, *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72, 79–80; 205 NW2d 856 (1973), *Ferndale Education Association v School District for the City of Ferndale #2,* 67 Mich App 645, 649–650; 242 NW2d 481 (1976).

Plaintiff insists that it has to challenge the jurisdiction of the arbitrator before proceeding to arbitration or else waive any claim that the dispute is not arbitrable, citing *American Motorists Insurance Co v Llanes,* 396 Mich 113; 240 NW2d 203 (1976). In *Llanes* the Supreme Court held that since the insurer "proceeded without objection on arbitrability", it could not raise that issue for the first time by a subsequent action for declaratory judgment:

"At the hearing before the arbitrator, American objected to the proceeding on the basis of insufficient notice and contended it was not liable under the 'hit and run' provision of the policy. The issue of the arbitrability of the claim was not raised. Having proceeded without objection on arbitrability, American submitted the question to the arbitrator for decision. American may not now challenge the unfavorable award in court by complaining, for the first time, that the issue decided was excluded from arbitration. *Hopkins v Auto-Owners Insurance Co,* 41 Mich App 635; 200 NW2d 784 (1972); *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72; 205 NW2d 856 (1973)." 396 Mich at 114.

The Supreme Court then cited an ALR Annotation:

"If a party to an arbitration agreement wants to object to the arbitrability of a specific issue, he should do so at the earliest opportunity. He should raise the objection before the issue is submitted for a hearing on its merits, because he may not voluntarily submit an issue to arbitration and then, if he suffers an adverse decision, move to set aside the adverse award on the ground that it was not an arbitrable issue." Anno: *Participation in Arbitration Proceedings as Waiver of Objections to Arbitrability,* 33 ALR3d 1242, 1244.

We believe that the plaintiff has misinterpreted *Llanes*. There the insurance company never raised the arbitrability issue before the arbitrator himself, and the Supreme Court properly penalized it for participating in arbitration without objection in hopes of prevailing on the merits, then collaterally attacking the award in court by denying arbitrability in case of defeat. *Llanes* did not discuss what *form* the objection should take in order to preserve the issue for court consideration. The annotation makes clear that the manner of objection varies in different jurisdictions:

"In some states, it may be sufficient merely to raise the objection before or at the beginning of the arbitration hearing. If the arbitrators overrule the objection and proceed to decide the dispute, the objecting party ordinarily should move to vacate the award on the ground that the arbitrators did not have jurisdiction of the dispute or that the issue was not arbitrable. If the motion is denied, the parties may raise the issue on an appeal." Anno: *Participation in Arbitration Proceedings as Waiver of Objections to Arbitrability*, 33 ALR3d 1242, 1245. (Footnote omitted.)

*Llanes* should be read in comparison with the *Detroit Demolition* case, *supra,* where the defendant participated in arbitration under court order, raised the arbitrability issue before the arbitrator, and later brought an action to vacate the award. 45 Mich App at 76–78. This show of resistance established that the insurer did not waive its objection by submitting to arbitration. 45 Mich App at 78–79. In this case, the plaintiff brought an action for declaratory judgment and to stay the arbitration; it moved for a rehearing when the motion was denied; it brought an interlocutory appeal to this Court to stay the arbitration during the pendency of this appeal; and finally it has

appealed the granting of accelerated judgment. If plaintiff addresses its arguments against arbitrability to the arbitrator himself, it will have preserved its objection.[1]

Plaintiff also points out, correctly, that it was improper to dispose of this case by accelerated judgment. GCR 1963, 116, *Drouillard v Roseville,* 9 Mich App 239; 156 NW2d 628 (1967). Summary judgment was the proper way to proceed. GCR 1963, 117, *Pompey v General Motors Corp,* 385 Mich 537; 189 NW2d 243 (1971). But no purpose would be served by a refusal to reach the merits predicated upon this basis. This Court may treat a motion for accelerated judgment as a motion for summary judgment. *Sims v United Papermakers & Paperworkers AFL-CIO,* 26 Mich App 129, 134; 182 NW2d 90 (1970), *Schimmer v Wolverine Insurance Co,* 54 Mich App 291, 298; 220 NW2d 772 (1974).

Affirmed.

Costs to appellees.

---

[1] Plaintiff also expresses "perplexity" at the perceived inconsistency between *Llanes and Nickerson v Citizens Mutual Insurance Co,* 393 Mich 324; 224 NW2d 896 (1975). There the arbitrator was presented with the issue whether a person who got out of a stalled car and was injured by an uninsured motorist was "occupying" the car. The arbitrator declined to rule on that issue, saying that it was not arbitrable, and the Supreme Court eventually decided it. *Id.* at 327–328. The Court held that defendant's failure to contest the award within 20 days pursuant to GCR 1963, 769.9(2) was immaterial because the arbitrator refused to decide the arbitrability issue anyway, although defendant did lose the right to challenge the two issues that *were* decided, fault and damages. *Id.* at 327–328. The essential difference between *Llanes and Nickerson* is that in *Llanes* the objecting party never raised the arbitrability issue before the arbitrator, whereas in *Nickerson* the issue was raised.