MIDDLE EAST TRANSCONTINENTAL, INC v ONION CROCK, INC

Docket No. 52406. Submitted January 5, 1982, at Detroit.—Decided March 4, 1982.

Middle East Transcontinental, Inc., brought an action in Macomb Circuit Court for fraud in the inducement and breach of contract against Onion Crock, Inc., and various officers and employees of Onion Crock, Inc. Defendants moved for accelerated judgment on the basis that the franchise agreement entered into between plaintiff and defendant corporation contained an arbitration clause and the court therefore lacked subject matter jurisdiction. Plaintiff argued that the arbitration was invalid because it conflicted with the purpose and intent of the Michigan Franchise Investment Law. Edward J. Gallagher, J., granted defendants' motion for accelerated judgment and dismissed plaintiff's case. Plaintiff appeals. *Held:*

1. An agreement to arbitrate claims arising out of a franchise agreement is not violative of the Michigan Franchise Investment Law, since by such agreement the franchise holder does not surrender any right derived exclusively from such law nor does it diminish the impact of the law.

2. Since the trial court's findings of fact are devoid of any determination that the plaintiff's claims were within the scope of the arbitration agreement, remand for such findings is necessary.

Remanded.

1. ARBITRATION — FRANCHISE INVESTMENT LAW.

It is not invalid to have an agreement to arbitrate disputes arising out of a franchise agreement which is governed by the Franchise Investment Law, since by agreeing to arbitrate such disputes the franchise holder does not surrender any right derived exclusively from such law and the agreement to arbitrate does not diminish the impact of the law (MCL 445.1501 *et seq.;* MSA 19.854[1] *et seq.).*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am JUr 2d, Arbitration and Award §§ 14,1 5.
[2] 5 Am Jur 2d, Arbitration and Award§§ 36, 54.

2. ARBITRATION — COURTS — JURISDICTION — ARBITRABLE ISSUES.

 A motion for accelerated judgment in circuit court on the basis of lack of subject matter jurisdiction because of an arbitration clause in a contract requires that the trial court determine whether the asserted claims are arbitrable; the arbitrability of the claims is ascertained through a three-stage inquiry: (1) Is there an arbitration agreement between the parties? (2) Is the dispute arguably covered by the arbitration agreement? and (3) Is the dispute expressly exempted by the terms of the arbitration agreement?

 *Fakhri W. Yono,* for plaintiff.

 *Levin, Levin, Gravett & Dill* (by *Richard M. Selik),* for defendants.

 Before: BASHARA, P.J., and ALLEN and T. M. BURNS, JJ.

 PER CURIAM. Plaintiff appeals from an order granting defendants' motion for accelerated judgment, thereby dismissing plaintiff's action pursuant to GCR 1963, 116.1(2) for lack of jurisdiction. Plaintiff brought its cause of action for fraud in the inducement and breach of contract under the Franchise Investment Law, MCL 445.1501 *et seq.;* MSA 19.854(1) *et seq.* Defendants obtained accelerated judgment on the basis of an arbitration clause contained in the parties' franchise agreement.

 Plaintiff contends that an agreement to arbitrate in which plaintiff waives his right to judicial resolution of a controversy arising pursuant to the Franchise Investment Law is invalid under *Wilko v Swan,* 346 US 427; 74 S Ct 182; 98 L Ed 168 (1953). We disagree.

 In *Wilko,* the Court was faced with an agreement to arbitrate executed by a buyer and a securities broker in a transaction under the Securities Act of 1933, 15 USC 77a *et seq.* The Court held that, under the act, a plaintiff could not be

required to waive the right to judicial resolution of his controversy. Citing 15 USC 77v(a), which expressly provides a federal forum for actions at law and suits in equity brought under the statute, and § 14, 15 USC 77n, of the act which voids any "stipulation" waiving compliance with any "provision" of the act, the Court concluded that the arrangement to arbitrate was a "stipulation" and the request to select the judicial forum is a kind of "provision" that cannot be waived under § 14. 346 US 427, 432-434. The Court reasoned:

"When the security buyer, prior to any violation of the Securities Act, waives his right to sue in courts, he gives up more than would a participant in other business transactions. The security buyer has a wider choice of courts and venue. He thus surrenders one of the advantages the Act gives him and surrenders it at a time when he is less able to judge the weight of the handicap the Securities Act places upon his adversary." 346 US 427, 435.

We do not find the rationale employed by the Court in *Wilko* to be applicable to the Franchise Investment Law. By agreeing to arbitrate, the franchise holder does not surrender any advantage derived exclusively from the Franchise Investment Law. Where an agreement to arbitrate does not diminish the impact of the law, we see no reason to limit the declared policy favoring the resolution of disputes by arbitration. See *American Fidelity Fire Ins Co v Barry,* 80 Mich App 670; 264 NW2d 92 (1978), *lv den* 402 Mich 915 (1978).

In the instant case, the trial judge properly found that the franchise agreement between the parties and the arbitration clause contained therein are valid. However, the judge's findings of fact are devoid of a determination that plaintiff's

claims are arbitrable under that agreement. Where a motion to dismiss a cause of action for lack of subject matter jurisdiction is based on an arbitration clause, the court should first determine whether or not the claim is arbitrable. To that end, this Court in *American Fidelity Fire Ins Co v Barry, supra,* has provided a three-stage analysis: (1) whether there exists an arbitration agreement in a contract between the parties; (2) whether the dispute is arguably covered by the contract; and (3) whether the dispute is expressly exempted by the terms of the contract.

Once the trial court has determined that a claim is arbitrable, plaintiff's claim should be dismissed for lack of subject matter jurisdiction and plaintiff's remedy should be sought in arbitration.

We, therefore, set aside the trial court's order, and remand for findings of fact as to the arbitrability of plaintiff's claims and for further action consistent with this opinion.

Remanded. We do not retain jurisdiction.