FEDERAL KEMPER INSURANCE COMPANY v AMERICAN
BANKERS INSURANCE COMPANY OF FLORIDA

Docket No. 74037. Submitted July 12, 1984, at Detroit.—Decided
September 4, 1984.

Anthony W. Joiner, while driving his car in the course of his
employment for United Community Services, was involved in a
collision with a car driven by Sandra Yandora. Joiner at that
time was under the impression that he was insured by Ameri-
can Bankers Insurance Company of Florida. A question arose
thereafter whether or not his coverage had been cancelled prior
to the accident. Yandora was insured by Federal Kemper
Insurance Company, and U.C.S., Joiner's employer, was insured
by Hartford Insurance Company. Yandora and the passengers
in her car at the time of the accident brought suit against
Joiner and Federal Kemper in St. Clair Circuit Court claiming
that Joiner ran a stop sign and negligently injured and dam-
aged them. They also claimed that Joiner was uninsured and
that Federal Kemper was liable to them under the uninsured
motorist provision of two policies it had issued to Yandora and
one of her passengers. They further claimed that Federal
Kemper had denied liability and refused to set a date for
arbitration. Meanwhile, Hartford settled a claim brought
against Joiner and U.C.S. by Clyde Robinson, a passenger in
Joiner's car at the time of the accident. Federal Kemper was
subsequently dismissed from the action brought by Yandora
and her passengers by stipulation of the parties. Federal Kem-
per then filed this action against American Bankers Insurance
Company, Joiner, Yandora, her passengers, and others in
Wayne Circuit Court seeking a declaratory judgment to the
effect that Federal Kemper was not obligated to provide liabil-
ity insurance to Joiner as a result of the accident and was not
obligated to defend or furnish a defense for Joiner as a result of
that collision. Federal Kemper moved for summary judgment.

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1683, 1684.
[2-4] 5 Am Jur 2d, Arbitration and Award § 54.
[5] 73 Am Jur 2d, Summary Judgment § 18.
[6] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

Yandora and her passengers argued that Federal Kemper must go to arbitration to determine coverage and that the cause of action was therefore outside the purview of the trial court. The trial court, Thomas J. Foley, J., ultimately ruled that Joiner was covered by the Hartford policy issued to Joiner's employer and that Yandora and her passengers were not entitled to uninsured motorist benefits from Federal Kemper. Yandora and her passengers appeal. *Held:*

1. The trial court correctly ruled that appellants' claim against Federal Kemper was not arbitrable. The arbitration provision of the policies issued by Federal Kemper exempts from arbitration disputes on "matters of coverage".

2. The trial court did not err in providing Federal Kemper an opportunity to offer an affidavit establishing the effective date of the exclusionary clause of the policy. The failure to file the affidavit with the motion for summary judgment was excusable.

3. The trial court did not err in denying, based upon the court's finding that Joiner was insured by Hartford at the time of the accident, appellants' claim for uninsured motorist coverage. Summary judgment was properly granted to plaintiff.

Affirmed.

1. INSURANCE — ARBITRATION — SCOPE OF ARBITRATION.

The scope of arbitration between an insurer and an insured is determined by the contract of insurance between them.

2. ARBITRATION — CONTRACTS — SCOPE OF ARBITRATION — COURTS.

The scope of a court's consideration of whether an issue arising under a contract is arbitrable is sharply limited; if a claim on its face is governed by the contract, it should be decided by the arbitrator unless strong evidence demonstrates that the matter is outside the scope of the arbitration provision.

3. ARBITRATION — CONTRACTS — ARBITRABLE ISSUES — COURTS.

Whether or not an issue is arbitrable is a matter for judicial determination.

4. ARBITRATION — CONTRACTS — ARBITRABLE ISSUES.

The arbitrability of an issue arising under a contract is ascertained through a three-step inquiry: (1) is there an arbitration provision in the parties' contract; (2) is the disputed issue on its face or arguably within the contract's arbitration clause; and (3) is the disputed issue expressly exempt from arbitration by the terms of the contract; if an arbitration clause pertains to the disputed issue and the issue is within the scope of the clause, then it is arbitrable.

5. JUDGMENTS — SUMMARY JUDGMENT — AFFIDAVITS.

It was not reversible error for a trial court to grant a motion for summary judgment without the moving party's first submitting a supporting affidavit where the court expressed willingness to grant a rehearing on the motion if the opposing party could produce a counter-affidavit protecting the legitimate interests of the opposing party and the moving party understandably may not have foreseen the necessity of filing the supporting affidavit (GCR 1963, 108.4).

6. JUDGMENTS — SUMMARY JUDGMENT — ISSUES OF MATERIAL FACT.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law tests the factual sufficiency of the opposing party's claim; if there is an issue regarding a material fact, summary judgment must be denied, and where the issue is close, courts prefer to find that a genuine issue does exist in order to retain a party's constitutional right to a jury determination of disputed factual issues (GCR 1963, 117.2[3]).

*Barbier, Goulet, Petersmarck, Tolleson & Mend, P.C.* (by *Daniel C. Symonds* and *Thomas H. Hill)*, for plaintiff.

*Ruby & Ruby, P.C.* (by *G. Gus Morris)*, for defendants.

Before: BEASLEY, P.J., and J. H. GILLIS and R. B. MARTIN,* JJ.

BEASLEY, P.J. Defendants-appellants, Willard and Mary Nichols, Sandra Kay Yandora, Stephanie Yandora and Carol Yandora, appeal as of right from an order granting summary judgment in favor of plaintiff-appellee, Federal Kemper Insurance Company.

This case may only be understood within the context of its facts. On July 18, 1977, in St. Clair

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

County, defendant Anthony Wayne Joiner, while driving his car, collided with a car driven by defendant Sandra Kay Yandora. Clyde Robinson was a passenger in the Joiner car, which was allegedly driven in the course of Joiner's employment by United Community Services (UCS). Joiner was insured by defendant American Bankers Insurance Company of Florida; UCS was insured by Hartford Insurance Company; defendants Willard and Mary Nichols, Stephanie Yandora and Carol Yandora, were passengers in the car driven by Sandra Yandora, she being insured by plaintiff, Federal Kemper Insurance Company.

On June 29, 1978, the Nicholses and the Yandoras sued Joiner and Federal Kemper in St. Clair County, claiming Joiner ran a stop sign and negligently injured and damaged them. In their complaint, they claimed Joiner was uninsured and that, therefore, Federal Kemper was liable to them under the uninsured motorist provision of two insurance policies it had written, one insuring Sandra Yandora and the other insuring Mary Nichols.

The Yandoras and the Nicholses claimed Federal Kemper had denied their request and refused to set a date for arbitration. Eventually, Federal Kemper was dismissed from the St. Clair County case by stipulation of the parties. Hartford, meanwhile, settled a companion case brought against Joiner and his employer by Clyde Robinson, the passenger in Joiner's car.

On February 23, 1979, plaintiff Federal Kemper filed this action in Wayne County against American Bankers Insurance Company, Joiner, Yandora, her passengers, and others for a declaratory judgment, claiming that on July 18, 1977, Joiner was insured by his employer's insurer, the Hartford

Insurance Company,[1] and that, therefore, Federal Kemper was not obligated to provide liability insurance to Joiner as a result of the July 18, 1977, automobile accident and was not obligated to defend or furnish a defense for Joiner as a result of that collision.

During oral argument on the motion for summary judgment asserted by plaintiff Federal Kemper, it was admitted that Hartford insured UCS, which coverage extended to non-owned (by UCS) automobiles being used in the business of the named insured (UCS) within the scope of his (Joiner's) employment. The Hartford insurance policy issued to Joiner's employer, UCS, and in effect at the time of the accident, provides:

"II Persons Insured:
"Each of the following is an insured under this insurance to the extent set forth below: * * *
"(b) Any partner or executive officer thereof, but with respect to a non-owned automobile, only while such automobile is being used in the business of the named insured; * * *
"(d) Any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under * * * (b) * * * above."

The Federal Kemper policies issued to defendants Yandora and Nichols provide uninsured motorist coverage. An uninsured automobile is defined by the policy as:

"(a) An automobile * * * with respect to the ownership, maintenance or use of which there is * * * no bodily injury, liability, bond or insurance policy applicable at the time of the accident with respect to any

---

[1] Originally in this lawsuit, plaintiff claimed Joiner was insured by American Bankers Insurance Company of Florida, but eventually the latter insurance company was dismissed.

person or organization legally responsible for the use of such automobile * * *."

The crux of the the Yandoras' and Nicholses' defense to the motion for summary judgment was that Federal Kemper must go to arbitration to determine coverage and, therefore, this cause of action was outside the purview of the trial court. As previosuly indicated, ultimately the trial court decided that Joiner was insured and that, therefore, defendants-appellants were not entitled to uninsured motorist benefits from plaintiff.

On appeal, defendants-appellants claim that the trial court erred in ruling as a matter of law that appellants' claims are not arbitrable. The scope of arbitration is determined by the contract of insurance between the insurer and the insured. In *American Fidelity Fire Ins Co v Barry*,[2] we said:

"But the scope of a court's consideration whether an issue is arbitrable is sharply limited. If a claim on its face is governed by the contract, it should be decided by the arbitrator unless strong evidence demonstrates that the matter is outside the scope of the arbitration provision. *Kaleva, supra,* pp 590-595; *Ferris State College v Ferris Faculty Ass'n,* 72 Mich App 244, 247-248; 249 NW2d 375 (1976)."

Whether or not an issue is arbitrable is a matter for judicial determination.[3] This Court has adopted a three-stage inquiry to ascertain the arbitrability of an issue. The first consideration is whether there is an arbitration provision in the parties' contract. Next, the Court considers whether the disputed issue is "on its face" or "arguably" within

[2] 80 Mich App 670, 673; 264 NW2d 92 (1978).

[3] *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson Teachers Ass'n,* 393 Mich 583; 227 NW2d 500 (1975).

the contract's arbitration clause. Last, this Court determines whether the dispute is expressly exempt from arbitration by the terms of the contract. If an arbitration clause pertains to the disputed issue and the issue is within the scope of the clause, then it is arbitrable.[4]

Here, the parties do not dispute the existence of an insurance contract containing an arbitration clause. Similarly, the determination of whether appellants were injured by an uninsured motorist is an issue arguably within the insurance contract's general declaration that the matter or matters upon which the insured and the insurer do not agree shall be settled by arbitration.[5] Therefore, the crucial stage of our inquiry is whether the insurance contract between the parties expressly exempts this dispute from arbitration.

Plaintiff claims the arbitration provision exempts from arbitration disputes on "matters of coverage" because the insurance policy in question expressly so provides, as follows:

"Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this insurance, then upon written demand of either, the matter or matters, excluding matters of coverage, * * * shall be settled by arbitration * * *."

Plaintiff also filed the affidavit of its employee, Susan Albert, who was handling appellants' claims. She stated that this exclusionary clause of

[4] MCL 600.5001(2); MSA 27A.5001(2); *Barry, supra; Armoudlian v Zadeh,* 116 Mich App 659; 323 NW2d 502 (1982).

[5] *DAIIE v Reck,* 90 Mich App 286, 290; 282 NW2d 292 (1979).

the arbitration provision was in effect at the time of appellants' claims and that a copy of this provision had been delivered to appellants before the accident. Appellants did not file counter-affidavits or testimony to refute Ms. Albert's affidavit. Therefore, there was "strong evidence" demonstrating that the matter of coverage was outside the scope of the arbitration provision.[6] We hold that the trial court was correct in ruling that appellants' claims were not arbitrable.

Appellants argue that the trial court improperly considered the Albert affidavit because it was not served with the motion, contrary to GCR 1963, 108.4. The trial court originally considered plaintiff's motion for summary judgment on October 22, 1982. During oral argument, appellants' counsel noted that the policy provided him by appellants contained an arbitration provision which did not exclude "matters of coverage" from arbitration. The exclusionary language was contained in an amendment, or rider. Defense counsel was unsure whether the amendment was effective on the date of the accident and suggested that the trial court find out when the amendment became effective:

"I don't know if the amendment he has shown the court was in effect on the date of the accident. I don't know one way or the other and I think your Honor should find that out because my policy doesn't contain it".

In response to the court's inquiry, defense counsel indicated that the date of the accident was July 18, 1977. The court then stated, "this is a '68 enactment". Nevertheless, the court indicated that

[6] *Barry, supra,* p 673; *American Motorists Ins Co v Llanes,* 64 Mich App 105; 235 NW2d 77 (1975), *rev'd on other grounds* 396 Mich 113; 240 NW2d 203 (1976).

it was prepared to delay ruling on the motion to allow the parties an opportunity to address appellants' concern over the effective date of the exclusionary clause:

"Let me do this. This was just handed to you and I don't expect you to answer it. Why don't you go into whether or not this is a part of your contract or not. If it is part of your contract then I think that your argument on arbitration is without substance and come back in a week and let me know. All right?"

Later, as the hearing was drawing to a close, plaintiff's counsel inquired whether the court desired some verification that the rider to the insurance policy had been sent to appellants or that they had it. The trial court responded:

"Well, he wants to first of all determine in his own mind whether or not this provision you referred to, excluding coverage, is a matter of his contract."

The failure to file Ms. Albert's affidavit with the motion for summary judgment was excusable because the effective date of the amendment was not in issue until raised by appellants during oral argument. Plaintiff would not necessarily have foreseen the necessity to file the supporting affidavit, since it could have assumed appellants possessed an identical policy. In providing plaintiff an opportunity to offer an affidavit establishing the effective date of the exclusionary clause, the trial court did not err.

When the parties reappeared before the trial court to reconsider whether the exclusionary clause applied, plaintiff filed Ms. Albert's affidavit. Appellants did not offer contra evidence of their own that the amendment had not been sent to

them or that they had not received the amendment, although the trial court gave them further opportunity to do so. In fact, the trial court made the following conditional ruling:

"Well, as the file presently stands, we have the affidavit filed. There is nothing in opposition. Let's handle it in this fashion so we don't all have to come back again, if this is true. We will grant his motion, subject to the fact you find out that is disputed and you are in a position to file a counter-affidavit subject to motion to rehearing."

Although perhaps out of the ordinary, this conditional ruling satisfies the intent of GCR 1963, 108. The requirement that a party file a supporting affidavit with a motion gives the opposing party an opportunity to meet the affidavit with opposing evidence. The expressed willingness of the trial court to grant a rehearing on the motion if appellants could produce a counter-affidavit protected the legitimate interests of appellants. Thus, there was no reason to reappear before the judge a third time for the mere formality of granting plaintiff's motion for summary judgment. Appellants did not take advantage of this opportunity to file a counter-affidavit. We conclude that appellants' argument on this issue does not establish that reversible error occurred.

On appeal, appellants also claim that the trial court erred in denying their claim for uninsured motorists coverage based upon a finding that Joiner was insured at the time of the accident. Plaintiff's motion for summary judgment under GCR 1963, 117.2(3) tests the factual sufficiency of the opposing party's claim.[7] This subrule provides

[7] *Spectrum Mfg Corp v Bank of Lansing,* 118 Mich App 25; 324 NW2d 523 (1982).

that "judgment shall be rendered forthwith if the pleadings show that any party is entitled to judgment as a matter of law or if the affidavits or other proofs show that there is no genuine issue of fact". If there is an issue regarding a material fact, summary judgment must be denied. Where the issue is close, courts prefer to find that a genuine issue does exist in order to retain a party's constitutional right to a jury determination of disputed factual issues.[8]

It is undisputed that Joiner did not personally have insurance on his automobile at the time of the accident. Plaintiff asserted, however, that Joiner was insured by Hartford Insurance Company through his employer's insurance policy, which provides:

"PERSONS INSURED
"Each of the folloiwng is an insured under this insurance to the extent set forth below: * * *
"(b) any partner or executive officer thereof, but with respect to a non-owned automobile only while such automobile is being used in the business of the named insured; * * *.

* * *

"(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under * * * (b) * * * above."

Joiner was not an executive officer of his employer and, thus, was "any other person" under subsection (d). For Joiner to properly come within the provisions of his employer's insurance policy, he would have had to have been driving his own automobile while using the automobile in the business of the named insured, UCS, at the time of the accident. This requirement follows from a reading of subsections (b) and (d) together.

[8] *Bob v Holmes,* 78 Mich App 205; 259 NW2d 427 (1977).

In support of its motion for summary judgment, plaintiff submitted the affidavit of Lynn Kellogg, Claims Manager for the Hartford Insurance Company. This affidavit states that, on the date of the accident, UCS was insured with liability insurance coverage through Hartford; that Joiner was an employee of the insured, UCS; that Joiner owned the automobile that he was driving at the time of the accident, and that his automobile was being used in the business of the named insured at the time of the accident. Furthermore, the affidavit stated that Hartford paid $475,000 to Clyde Robinson and his attorney for injuries sustained as a result of the July 18, 1977, accident when Robinson was a passenger in Joiner's automobile.

Plaintiff also produced Joiner's deposition in which he stated he worked for UCS on the date of the accident. Joiner indicated that the accident occurred when he was driving to Macomb County on behalf of UCS. Thus, evidence was produced on each crucial factor to establish that Joiner was insured under his employer's insurance policy at the time of the accident.

In opposition to this evidence, appellants filed Joiner's affidavit stating that he was uninsured at the time of the accident. Upon close examination, this statement merely reflects the undisputed fact that Joiner did not have personal insurance through American Bankers Insurance Company. This conclusory assertion gives way under the weight of plaintiff's strong evidence that Joiner was covered by his employer's automobile liability coverage with Hartford. Even when viewed in a light most favorable to appellants, the affidavits, pleadings, deposition, admission and documentary evidence fail to create a reasonable inference contrary to the facts asserted by plaintiff. Summary

judgment was properly granted to plaintiff.[9] Consequently, we affirm the award of summary judgment to plaintiff.

Affirmed.

---

[9] See *Karibian v Paletta,* 122 Mich App 353; 332 NW2d 484 (1983); *Barry, supra; Llanes, supra.*