PIPPER v DiMUSTO

Docket Nos. 78-602, 78-1013. Submitted December 11, 1978, at Detroit.
    —Decided February 13, 1979.

  Defendants, Dr. J. C. DiMusto and St. Joseph's Hospital of Mount
    Clemens, were sued by plaintiff, Denise Pipper, in an action
    alleging medical malpractice in the diagnosis and treatment of
    her ectopic pregnancy. At the time she was admitted to the
    hospital she was complaining of uterine bleeding and abdomi-
    nal pain. Upon admission plaintiff executed an arbitration
    agreement authorized by the Malpractice Arbitration Act. The
    Macomb Circuit Court, Walter P. Cynar, J., granted accelerated
    judgments in favor of both defendants. Plaintiff appeals. *Held:*

      The allegation that, at the time of executing the arbitration
    agreement, plaintiff was suffering uterine bleeding and abdomi-
    nal pain creates a question of fact as to whether she was
    receiving emergency health care or treatment so as to vitiate
    the agreement pursuant to the statute.

      Reversed and remanded.

STATUTES — ARBITRATION — MEDICAL MALPRACTICE — QUESTION OF
    FACT — EMERGENCY HEALTH CARE OR TREATMENT.

  The statute authorizing an arbitration agreement between a
    patient and a hospital requires that a person receiving emer-
    gency health care or treatment must be offered the arbitration
    alternative after the emergency care or treatment is completed;
    an allegation that a patient executed an arbitration agreement
    at a time when she was suffering uterine bleeding and abdomi-
    nal pain raises a question of fact whether she was a person
    receiving emergency health care or treatment (MCL
    600.5042[1]; MSA 27A.5042[1]).

*Lopatin, Miller, Bindes, Freedman & Bluestone*
(by *Michael Gagleard),* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE
40 Am Jur 2d, Hospitals and Asylums §§ 16, 44.
61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 160, 198.

*Sullivan, Ranger, Ward & Bone,* for St. Joseph's Hospital.

*Schureman, Frakes, Glass & Wulfmeier* (by *Robert A. Obringer),* for defendant DiMusto.

Amicus Curiae: *Nederlander, Dodge & McCauley, P.C.,* for the Physicians Crisis Committee.

Before: DANHOF, C.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. Plaintiff commenced this medical malpractice action alleging that Dr. J. C. DiMusto, a gynecologist and obstetrician at St. Joseph's Hospital of Mount Clemens, failed to properly diagnose and treat plaintiff's condition which was ultimately determined to be an ectopic pregnancy.

Defendant hospital moved for accelerated judgment under GCR 1963, 116.1(2), asserting that plaintiff, on the date of her admission to the hospital, May 3, 1976, executed an arbitration agreement pursuant to the Malpractice Arbitration Act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* The hospital further alleged that because plaintiff had made no demand for arbitration nor had timely revoked the arbitration agreement, the court lacked subject matter jurisdiction to decide the suit.

In answer to the motion, plaintiff contended, *inter alia,* that the agreement was vitiated because at the time it was signed she was experiencing uterine bleeding and abdominal pain. Plaintiff also responded with a broad scale attack upon the constitutionality of the Malpractice Arbitration Act, claiming that it denied her due process of law by requiring that one member of the three-mem-

ber arbitration panel be a doctor, who, presumptively, would be biased in favor of the defendants.

A hearing on defendant hospital's motion for accelerated judgment was held, and on August 30, 1977, the trial court entered a written opinion finding the arbitration agreement valid, upholding the act as constitutional, and granting the hospital's motion. The motion of defendant Dr. DiMusto for accelerated judgment was also subsequently allowed. From both decisions plaintiff appeals as of right.

We need not address the constitutional issue presented because of our determination that the lower court prematurely granted accelerated judgment.

MCL 600.5042(1); MSA 27A.5042(1) provides:

"A person who receives health care in a hospital may execute an agreement to arbitrate a dispute, controversy, or issue arising out of health care or treatment rendered by the hospital. *A person receiving emergency health care or treatment may be offered the option to arbitrate but shall be offered the option after the emergency care or treatment is completed.*" (Emphasis supplied.)

In an affidavit attached to her answer to the motion for accelerated judgment, plaintiff stated:

"That at the time I was admitted into St. Joseph Hospital of Mt. Clemens, on or about May 3, 1976, I was suffering from prolonged uterine bleeding and had extreme amounts of abdominal pain."

Therefore, the validity of the arbitration agreement was contingent upon whether plaintiff's hospital entrance was governed by the statute above.

We hold that plaintiff's affidavit sufficiently cre-

ated a disputed question of fact as to whether she was "a person receiving emergency health care or treatment" within the meaning of the statute, and whether the hospital offered her the option to arbitrate after the emergency care or treatment was completed. Although the lower court ruled the agreement valid, there was no trial or evidentiary hearing held on this prefatory question. See GCR 1963, 116.3. If applicable in the case at bar, the emergency exception to the act would render nugatory plaintiff's arbitration agreement.

Accordingly, we reverse and remand for the appropriate inquiry. In doing so we vacate the trial judge's constitutional ruling. In the event plaintiff does not meet the conditions of the emergency exception, she may still challenge the statute's constitutionality. See *American Motorists Ins Co v Llanes,* 396 Mich 113, 114-115; 240 NW2d 203 (1976), and cases cited therein.

Reversed and remanded. We retain no further jurisdiction. Costs to abide the final outcome.